## COCHRAN v. DAVIS.

No. 16364—Opinion Filed April 20, 1926.

Rehearing Denied June 8, 1926.

**1. Trial—Effect of Instructing Verdict.**

The withdrawal of the issues of fact from the jury by the court, upon the motion of the defendant for an instructed verdict, and the entry of judgment for the defendant, is, in effect, a finding by the court that, admitting all the evidence of the plaintiff to be true, and giving effect to all reasonable inferences which may be drawn from the testimony, the plaintiff has not made an issue of fact to go to the jury.

**2. Same—Erroneous Withdrawal of Case from Jury.**

Record examined; held, that the testimony of the plaintiff was sufficient to send the case to the jury.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Love County. W. F. Freeman, Judge.

Action by Vaughan Cochran against J. K. Davis for damages growing out of an alleged tort. Judgment for the defendant, and plaintiff brings error. Reversed and remanded.

Sigler & Jackson, for plaintiff in error.

Keller & Cameron, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff's petition charged in substance: (1) That plaintiff was duly enrolled as a citizen of the Chickasaw Tribe of Indians, and received his allotment of lands; that his father was appointed guardian of the person and estate of the plaintiff. (2) That J. K. Davis, the defendant, procured and caused the guardian to sell the allotment of the plaintiff through the county court in a probate proceeding, which purported to be for a cash consideration of $3,100. (3) That the sale proceeding was conducted, apparently, as a sale for cash, as provided by statute, while, in truth, the sale proceeding was an exchange of properties between the guardian and J. K. Davis; that the reasonable value of plaintiff's allotment was $4,800. (4) That the guardian and J. K. Davis procured the exchange of properties through the fraudulent sale conducted in the county court. (5) The plaintiff tenders back the residence property situated in Marietta, and prays judgment against the defendant in the sum of $4,800, for the value of the allotment.

The answer of the defendant is in effect a general denial. The court withdrew the case from the jury upon the defendant's motion for an instructed verdict, and entered judgment for the defendant. The plaintiff has appealed the cause and assigns the action of the court in withdrawing the cause from the jury and entering judgment for the defendant, as error for reversal.

The plaintiff contends that the purported sales proceedings were conducted in the county court by agreement between the guardian and J. K. Davis, for the purpose of effecting an exchange of real estate between

the parties for the benefit of this plaintiff; that the agreement between the guardian and purchaser was, that the latter would accept the residence property and $500 for the conveyance of plaintiff's allotment to the defendant.

The evidence of the plaintiff is, that the guardian gave his check of $2,600 to the defendant, who had the check credited to the account of the latter. Thereupon the defendant gave his check to the guardian for $3,100, which purported to be the purchase price for the land. The check so given to the guardian was charged against the account of the defendant. The plaintiff offered proof to the effect that the defendant did not have funds to his credit in the bank to clear the check given to the guardian, until the $2,600 was credited to the defendant's account. The plaintiff made proof of statements of the defendant to the effect that he was giving the residence property and $500 for plaintiff's allotment.

The defendant offered testimony to the effect that the sale was for cash, and that he paid $3,100, according to his bid. The defendant further testified that the guardian purchased the residence property as an investment from the proceeds of the sale.

The evidence was sufficient to create an issue of fact for submission to the jury, on the question as to whether this was a sale or exchange of properties. The guardian is authorized by statute to sell his ward's land through the county court for cash, or for deferred payments. The statutes do not authorize a guardian to exchange his ward's real estate for other lands. If the jury should find the issue against the defendant, it would result in charging the purchaser and guardian with the commission of a fraud against the plaintiff. The defendant would be liable to the plaintiff for such damages as the latter suffered by reason of the commission of the fraud. Perkins v. Middleton, 66 Okla. 1, 166 Pac. 1105. The court was not authorized to withdraw the case from the jury and enter judgment for the defendant, unless the proof and all reasonable inferences to be drawn therefrom showed that the proceeding in the county court was a bona fide sale of plaintiff's property, and not an exchange of properties. Jones v. Citizens State Bank, 39 Okla. 393, 135 Pac. 373.

The cause is reversed and remanded for further proceedings in accordance with the conclusions herein reached.

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. p. 1589 (Anno). (2) 28 C. J. p. 1268 § 458.