BENJAMIN W. YOUNG, Appellant, v. JOSEPH J. SANGSTER and ROBERT C. SANGSTER.—16 S. W. (2d) 92.

Division Two, April 5, 1929.

804

*J. M. Wattenbarger, Higbee & Mills* and *M. D. Campbell* for appellant.

*Franklin & Son* and *Murrell & Murrell* for respondents.

HENWOOD, C.—This is a suit to determine the title to, and for partition of, certain real estate, in which appellant (plaintiff below) claims an interest. Defendants deny that plaintiff has any interest in said real estate, assert that they are the sole owners thereof, and join in the prayer for a determination of the title thereto. Under the pleadings, the suit was converted into a proceeding in equity. The chancellor found the issues for defendants and rendered judgment accordingly, and plaintiff appealed.

In his petition, plaintiff alleges that he is the surviving husband of Ann E. Young, deceased, and that defendants are her children and sole heirs at law; that he has duly renounced his wife's will and elected to take a child's part of all lands owned by her at the time of her death; and that he and defendants are each entitled to an undivided one-third interest in said lands. The lands in question are located in Adair County, Missouri, and are described in the petition as follows:

"The East half of the Southeast Quarter of Section Thirty-five (35) except one acre in the Northeast corner owned by Maple Ebert; also a tract beginning at the Southeast corner of the Northeast quarter of Section Thirty-five, thence South four rods, three and one-half feet, thence South twenty degrees, West five rods, thence West six and one-half rods, thence Northwest nine rods, seven feet, to a point twenty feet South of the South line of the Northeast Quarter of Section Thirty-five, thence West to a point twenty feet due South of the Southwest corner of the East half of the Northeast quarter of Section Thirty-five, thence North twenty feet, thence East along South line of the East half of the Northeast quarter of Section Thirty-five to the place of beginning; all in Section Thirty-five (35), Township Sixty-two (62), Range Fourteen (14), also the following lands situated in the City of Kirksville, in Adair County, Missouri:

"That part of the Northeast Quarter of the Southeast Quarter of Section Nine (9), Township Sixty-two (62), of Range Fifteen (15), commencing at the intersection with the North line of Patterson Avenue and the East line of Lewis Street, thence North one hundred and twenty-seven feet and eight inches, thence East one hundred and forty-five (145) feet, thence South one hundred and twenty-seven (127) feet and eight (8) inches, thence West one hundred and forty-five (145) feet to place of beginning, and also "An undivided one-half interest in Lots Three (3) and Four (4), Block Three (3), of Dodson's Addition to said City of Kirksville."

Defendants admit, in their answer, that plaintiff is the surviving husband of Ann E. Young, that they are her children and sole heirs at law, and that she died seized of the lands described in plaintiff's petition, and deny the other allegations in the petition. Further answering, they say that, under the will of the said Ann E. Young, they are the sole owners of said lands and that, by reason of an antenuptial contract (hereinafter quoted), plaintiff is precluded from claiming any interest therein; that, throughout their married life, both plaintiff and the said Ann E. Young, recognized said antenuptial contract as valid and binding upon each of them, and, in conformity with the provisions thereof, each of them dealt with their respective properties, free and independent of any claim, right or interest of the other therein; that, during their married life and without the knowledge of the said Ann E. Young, plaintiff made various conveyances of his lands without requesting or requiring her to join in such conveyances, and thereby denied that she had any inchoate dower interest in the lands so conveyed by him; and that plaintiff is now estopped from claiming any interest in the lands owned by her at the time of her death.

In his reply, plaintiff admits the execution of the antenuptial contract, but says it was void and, therefore, not binding upon either of

the parties thereto, and denies the other allegations of the answer. Further replying plaintiff says that the said Ann E. Young repudiated the antenuptial contract by instituting a suit against him for a divorce and alimony and accepting, in settlement of said suit, a conveyance of lands from him, and by making a bequest to him in her will; and that defendants are estopped from denying his right under the law, to share in the lands of which she died seized.

There is no dispute as to the facts. It is admitted that plaintiff and Ann E. Young (*nee* Sangster) were lawfully married in Orange County, California, on July 6, 1912; that he is her surviving husband; that defendants are her children and sole heirs at law; and that, at the time of her death, she was the owner of the lands involved in this suit. The proof offered by both sides is entirely documentary.

Plaintiff offered in evidence the affidavit filed in the Probate Court of Adair County, showing the death of Ann E. Young on May 26, 1925, and a list of her heirs, as above named; the last will and testament of Ann E. Young, dated February 16, 1922, and admitted to probate on June 1, 1925; and plaintiff's renunciation of the will and his election to take a child's part of her lands in lieu of dower, filed December 17, 1925. By her will, Ann E. Young gave plaintiff one dollar, and devised all of her property to defendants. The bequest to plaintiff is in the following form: "I give and bequeath to my husband, Benjamin W. Young, the sum of One Dollar, our property rights having been fully settled and agreed upon, as shown by an instrument of writing signed and acknowledged by us, which is a matter of record in the Recorder's office in Adair County, Missouri, in Book 77, at Page 554." Plaintiff also offered in evidence the petition of Ann E. Young for a divorce and alimony, filed in the Circuit Court of Adair County, and the record entry of the dismissal of said suit on April 21, 1919. The date of the filing of the petition does not appear, but March 31, 1919, is alleged therein as the date of their separation. And plaintiff also offered in evidence his general warranty deed, dated April 18, 1919, by which he conveyed to Ann E. Young certain lands which are now a part of her estate. It recites a consideration of one dollar and other considerations, as follows: "In consideration of this conveyance the said Ann E. Young hereby releases any and all interest and right she has or may hereafter have in the property of said Benjamin W. Young, including dower and homestead rights and claims and all other claims that she might be entitled to as the widow of said Benjamin W. Young in his estate, should she survive him, and also in full satisfaction of all claims and demands she now has against the said Benjamin W. Young and his son Thomas M. Young. And the said Ann E. Young accepts this conveyance in lieu of dower and homestead in any land the said Benjamin now owns or may hereafter own." This deed was

recorded on April 21, 1919, the same day that the divorce suit and the damage suit, hereinafter mentioned, were dismissed.

Defendants offered in evidence the antenuptial contract, which reads as follows:

## "ANTENUPTIAL AGREEMENT.

"Whereas, Benjamin W. Young and Ann E. Sangster are contemplating a marriage with each other, and, whereas, said Benjamin W. Young is now the owner of certain real and personal estate, and said Ann E. Sangster is now the owner of certain real and personal estate, and, whereas, the parties are desirous that each one should hold his or her property now owned, or which might hereafter be acquired, separate and apart, without molestation or interference of the other, the same as though no marriage existed. Now, therefore, in consideration of the consummation of the marriage as aforesaid, and in consideration of one dollar to said Ann E. Sangster paid by said Benjamin W. Young, and other good and satisfactory consideration received by said Ann E. Sangster, the receipt of which said Ann E. Sangster hereby acknowledges, it is agreed by and between the parties hereto that said Benjamin W. Young shall at all times, and on all occasions have the full right, liberty, and authority, and as fully and in all respects the same as he would have if not married, to use, enjoy, manage, convey, mortgage, grant, alienate and dispose of all and every part of his present and also his future property and estate of every kind and character, including also the right and power to dispose of same, and all and every part of same, by last will and testament, all and each and every part thereof as he shall from time to time deem fit and proper. Said Ann E. Sangster on her part further agrees in consideration of the premises and foregoing, to disclaim and release and does hereby release and disclaim, and relinquish to said Benjamin W. Young, his heirs, legal representatives, assigns, legatees, and devisees, all and singular all and every right, claim, estate, actual, inchoate, or contingent and of every kind and character, she might, would or could have, hold, or acquire in, to, or upon all or any, of said property by reason of said marriage and by reason of being or by reason of having been the wife of said Benjamin W. Young. And in consideration of the consummation of the marriage as aforesaid, and in consideration of one dollar to said Benjamin W. Young, paid by said Ann E. Sangster and other good and satisfactory consideration received by said Benjamin W. Young, the receipt of which said Benjamin W. Young hereby acknowledges, it is agreed by and between the parties hereto that said Ann E. Sangster shall at all times, and on all occasions have the full right, liberty and authority, and as fully and in all respects the same as she would have if not married, to use, enjoy, manage, convey, mort-

gage, grant, alienate and dispose of all and every part of her present and also her future property and estate, of every kind and character, including also the right and power to dispose of the same and all and every part of the same by last Will and Testament, all and each and every part thereof, as she shall from time to time deem fit and proper. Said Benjamin W. Young on his part further agrees, in consideration of the premises and foregoing, to disclaim, and release, and does hereby disclaim and release and relinquish to said Ann E. Sangster, her heirs, legal representatives, assigns, legatees, and devisees, all and singular, all and every right, claim, estate, actual, inchoate, or contingent and of every kind and character he might or would, or could have, hold or acquire, in, to or upon all or any of said property by reason of said marriage and by reason of being or by reason of having been the husband of said Ann E. Sangster.

"In witness whereof, the parties have hereto set their hands and seals this 3rd day of July, 1912.

"(Signed) BENJAMIN W. YOUNG
ANN E. SANGSTER.

"State of California, County of Orange.

"On this 3rd day of July, 1912, before me, personally appeared Benjamin W. Young, and Ann E. Sangster, to me known to be the persons described in and who executed the foregoing instrument and acknowledged that they executed the same as their free act and deed.

U. D. RHODES,
"(Seal)        Notary Public in and for said Orange County."

This instrument was recorded in the office of the Recorder of Adair County, Missouri, on February 17, 1913, in Book 77 at page 554. Defendants also offered in evidence three deeds by which plaintiff conveyed different parcels of land to different parties and in which his wife (Ann E. Young) did not join; the first, a general warranty deed, dated January 9, 1914, from plaintiff to William M. Martin, which recites a consideration of $1000; the second, a quit-claim deed, dated April 7, 1915, from plaintiff to James A. Johnston and Neva J. Johnston, which recites a consideration of $40; and the third, a general warranty deed, dated April 23, 1919, from plaintiff to William H. Young and others, which recites a consideration of one dollar and love and affection. The notary's certificate of plaintiff's acknowledgment of the second deed mentioned contains the following recital: "On this 7th day of April, 1915, before me personally appeared B. W. Young, a married man who states that he has a special contract with his wife which gives him right to convey his real estate without his wife's signature." There is no recital in the other two deeds mentioned, nor in the acknowledgments thereof, as to whether the grantor therein (plaintiff) was single or married. And defendants also offered in evidence the petition of Ann E.

810

Young in a suit for damages against plaintiff and his son, Thomas M. Young, filed in the Circuit Court of Adair County, and the record entry of the dismissal of said suit on April 21, 1919. In her petition, Ann E. Young alleged that plaintiff and his said son committed an assault and battery upon her on March 31, 1919.

The chancellor found that defendants are the sole owners of the lands in question, that plaintiff has no right, title nor interest therein and is forever estopped from making any claim thereto, and so ordered, adjudged and decreed.

I. Defendants have filed a motion to dismiss the appeal, on the ground that plaintiff's motion for a new trial and in arrest of judgment were not filed within four days after the trial. The record shows that the chancellor heard the evidence in this case on July 6, 1926, and took the case under advisement until August 31, 1926, when he rendered judgment for defendants. The record further shows that, on the same day, August 31, 1926, plaintiff's motions for a new trial and in arrest of judgment were filed and overruled, and that plaintiff was allowed an appeal to this court. The statutory provision that such motions ''shall be made within four days after the trial'' necessarily means within four days after the conclusion of the trial, or after the rendition of the judgment. [Sec. 1456, R. S. 1919; State ex rel. v. Trimble, 311 Mo. l. c. 146, 277 S. W. l. c. 921.] It plainly appears that the motions now under attack were filed on the same day that the judgment was rendered. The motion to dismiss the appeal is accordingly overruled.

II. There is no merit in plaintiff's contention that the antenuptial contract and his separate conveyances of his lands to third persons are not competent evidence in this case. Under the pleadings, the defense against plaintiff's alleged cause of action is based wholly upon these instruments, and they are clearly competent as evidence in support of defendants' plea of equitable estoppel.

III. It seems equally clear that the chancellor's findings are supported by undisputed facts, and that the judgment rendered by him is for the right parties. Plaintiff contends that the antenuptial contract was ineffectual as a bar to his wife's claim of dower in his estate and that, therefore, the contract cannot be set up as a bar to his claim of a like interest in her estate, as authorized by the Acts of 1921 (Laws 1921, p. 119). It may be conceded that the contract, as written, was not sufficient to bar his wife's claim of dower in his estate, because, under the contract, she received no estate from him to take effect after his death, and because it is not expressly stated in the contract

that the considerations mentioned therein were accepted by her in full discharge and satisfaction of her dower interest in his estate. [Sec. 330, R. S. 1919; King v. King, 184 Mo. 99, 82 S. W. 101.] But, such a contract may become valid and binding upon the parties thereto, for all intents and purposes, by reason of their subsequent acts in connection therewith, and, in our opinion, that is what happened in this case.

Three days after the execution of their antenuptial contract, plaintiff and Ann E. Sangster were married, and from the date of their marriage, July 6, 1912, until her death on February 16, 1922, both of them recognized the contract as valid and binding upon them, and dealt with their respective properties in accordance with the terms and provisions thereof. On January 9, 1914, April 7, 1915, and April 23, 1919, respectively, plaintiff made, acknowledged and delivered three different conveyances of three different parcels of his lands to third parties, in which his wife did not join, and, in the acknowledgment of the second of such conveyances, it is recited that the grantor therein (plaintiff) is "a married man who states that he has a special contract with his wife which gives him right to convey his real estate without his wife's signature." Thus, it appears that as late as April 23, 1919, plaintiff exercised the right of disposing of his lands, free and independent of any and all claims of his wife therein, as provided in their antenuptial contract. Whether or not these conveyances by plaintiff of his lands were made with the knowledge and acquiescence of his wife does not appear; but, if they were so made, she would have been estopped, by reason of such knowledge and acquiescence on her part, from claiming any dower or other interest in such lands, had she survived plaintiff, even though such conveyances included all lands owned by plaintiff at the time of their marriage and thereafter acquired. However, it does appear that, as late as February 16, 1922, in making her last will and testament, she, also, exercised the right of disposing of her separate property, free and independent of any and all claims of plaintiff therein, by devising all of her property to defendants. And, in connection with the nominal bequest of one dollar to plaintiff, she, also, made specific reference to their antenuptial contract in the following plain and unequivocal language: "I give and bequeath to my husband, Benjamin W. Young, the sum of One Dollar, our property rights having been fully settled and agreed upon, as shown by an instrument of writing signed and acknowledged by us, which is a matter of record in the Recorder's office in Adair County, Missouri, in Book 77, at page 554."

Nor do we agree with learned counsel for plaintiff in the contention that his wife repudiated their antenuptial contract by her suit for a divorce and alimony and by accepting a conveyance of land

from plaintiff in settlement thereof, and that, by reason of said acts on her part, defendants, as her heirs and successors in title, are estopped from claiming that plaintiff is bound by the antenuptial contract. The divorce suit arose out of an alleged breach by plaintiff of his marriage vows, and did not involve the separate property rights of plaintiff and his wife as settled and agreed upon by their antenuptial contract. The right of plaintiff's wife to alimony was incidental to her right to a legal separation, and involved only plaintiff's legal duty to support her. The antenuptial contract could have formed no part of plaintiff's defense in the divorce suit, nor could the property rights of plaintiff and his wife under such contract have been determined in the divorce suit. [O'Day v. Meadows, 194 Mo. l. c. 626, 92 S. W. l. c. 647.] Moreover, the suit for damages against plaintiff and his son, which arose out of the alleged mistreatment by plaintiff of his wife, must be considered in connection with the filing of the divorce suit and the settlement thereof, because the conveyance of land from plaintiff to his wife in the so-called settlement of her divorce suit recites a full satisfaction of her alleged cause of action in the damage suit as one of the considerations for said conveyance.

The antenuptial contract was made for the mutual benefit of plaintiff and his wife, and both of them exercised their property rights as provided for therein, throughout their married life. Plaintiff made conveyances of his property to third persons, in which his wife did not join, and publicly asserted his right, under antenuptial contract, to sell or otherwise dispose of his property, free and independent of any claim of his wife therein. Having then exercised his rights under the contract and enjoyed the fruits thereof, he is now estopped from claiming that the contract is not binding upon him because it was not binding upon his wife when made. He cannot, in equity and good conscience, be permitted to so disregard the covenants of his solemn contract and thereby perpetrate a gross injustice upon the heirs and devisees of his deceased wife. [McBreen v. McBreen, 154 Mo. 323, 55 S. W. 463; Hubbard v. Slavens 218 Mo. 598, 117 S. W. 1104; Marston v. Catterlin, 239 Mo. 390, 144 S. W. 475; Roberts v. Adkins (Mo. Sup.), 5 S. W. (2d) 70; Herman on Estoppel (2 Ed.) sec. 730.]

The judgment rendered by the chancellor is in harmony with well-established principles of equity, and it is a righteous judgment. It is accordingly affirmed. *Davis, C.,* concurs; *Cooley, C.,* not sitting.

PER CURIAM:—The foregoing opinion by Henwood, C., is adopted as the opinion of the court. All of the judges concur.