## CONNECTICUT FIRE INS. CO. of HARTFORD, CONN., v. COPPEDGE, District Judge.

No. 21347.   Opinion Filed July 7, 1931.

Rittenhouse, Lee, Webster & Rittenhouse, for petitioner.

William T. Rye, for respondent.

Norman Barker, amicus curiae.

ANDREWS, J. This is an original proceeding instituted in this court by the petitioner, Connecticut Fire Insurance Company of Hartford, against the respondent, Ad V. Coppedge, as district judge of Craig county, Okla., seeking a writ of mandamus to require the respondent to render a judgment in favor of the defendant in cause No. 5483, in the district court of Craig county, wherein F. M. Vaughn and Dulcie Vaughn, his wife, were plaintiffs, and the petitioner was defendant.

The petitioner herein will hereinafter be referred to as defendant, the respondent herein as the court, and the plaintiffs in cause No. 5483 as plaintiffs.

The record in this case shows substantially the following facts: Cause 5483 came on for trial before a jury. Upon the conclusion of plaintiffs' evidence, the defendant interposed a demurrer thereto. Ruling thereon was withheld by the court. At the conclusion of all of the evidence, the defendant moved the court for a directed verdict. That motion was sustained by the court. A verdict in favor of the defendant was

prepared and handed by the judge to the jury, with instructions to retire to the jury room and consider their verdict. The jury, after deliberation, returned a verdict to the court in favor of the plaintiffs. That verdict was set aside and held for naught by the court as being contrary to the court's instruction. Thereupon the defendant moved the court to enter a judgment in its favor, for a judgment notwithstanding the verdict of the jury, and that a new verdict be prepared and handed by the court to some member of the jury with directions to him to sign the same as foreman of the jury. The third of those motions was overruled by the court, and the first and second were taken under advisement. The jury was discharged from further consideration of the cause. Thereafter the court overruled those motions, and, at the same time, overruled a motion for a new trial filed by the plaintiffs.

The defendant filed in this court its petition for a writ of mandamus to require the trial court to render judgment in conformity with its ruling on the motion for a directed verdict. An alternative writ was issued, and the question now before this court is whether or not a peremptory writ should issue.

The facts present an unusual situation. Had the cause been submitted to the jury at the conclusion of the evidence, and had the court been satisfied that the verdict of the jury was contrary to the evidence, it would have been the duty of the court to set aside the verdict and to grant a new trial. Myers v. Fear, 21 Okla. 498, 96 Pac. 642. The record in this case shows that the court sustained the motion of the defendant for a directed verdict, but failed to direct the jury to return a verdict, and, instead, instructed the jury to take the form of verdict prepared by it in favor of the defendant and retire to the jury room and consider their verdict. Upon the return of the jury into court wtih a form of verdict contrary to the court's findings and conclusion. the court set that verdict aside. It was then the duty of the court, either to direct the jury to return a verdict as requested by the defendant, or to withdraw the case from the jury and render a judgment for the defendant. Ames v. Milam. 53 Okla. 739, 157 Pac. 941; Cochran v. Davis, 118 Okla. 135, 247 Pac. 65. The court did neither. The jury was discharged, no new trial was granted either party, and no judgment was rendered. The defendant was thus deprived of the right to a verdict and judgment. There was no order granting a new trial after verdict and judgment. From either of those the defendant could have ap-

pealed to this court. As it is, there is nothing from which it may appeal. As the matter now stands the trial court has sustained a motion of the defendant for a directed verdict in favor of the defendant, but has not directed a verdict in favor of the defendant. It has discharged the jury, it has overruled the motion of the plaintiffs for a new trial, and it has refused to render a judgment in favor of the defendant. If, as suggested in the briefs, the court concluded that it had erred in its conclusions as to the effect of the evidence, it should have granted the plaintiffs a new trial on the application of the plaintiffs.

The defendant having been deprived of a valuable right, and having no adequate remedy at law, mandamus will issue to compel the trial court to render a judgment in favor of the defendant, subject to the right of the trial court to grant the plaintiffs a new trial.

Let the writ issue in conformity herewith.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. CLARK, V. C. J., concurs in conclusion. KORNEGAY, J., disqualified and not participating.