## PHILLIPS v. MUSSON.

No. 20344.   Opinion Filed Sept. 15, 1931.

A. B. Carpenter, for plaintiff in error.

John T. Levergood, for defendant in error.

ANDREWS, J. This action was begun in a justice of the peace court of Pottawatomie county by Sam C. Musson, defendant in error, as plaintiff, against E. H. Phillips, plaintiff in error, as defendant, for the recovery of a money judgment on a promissory note in the sum of $200. The parties will be referred to as they appeared in the trial court.

Judgment was rendered by the justice of the peace in favor of the plaintiff for "$200, and interest, at the rate of six per cent. until paid, and all costs of this suit." The defendant appealed to the district court. After the introduction therein of all of the evidence, the plaintiff moved the court to direct a verdict for the plaintiff for the reason that the defendant had failed to make a defense. The motion was sustained and the jury was instructed to return a verdict for the plaintiff. No exception was taken thereto. One of the jurors was directed to sign a verdict, and, after the signing thereof, the verdict was returned and judgment was rendered and entered against the defendant in favor of the plaintiff for the sum of $200, with interest thereon from the 15th day of May, 1926, at the rate of 6 per cent. per annum, and costs. From that judgment the defendant appealed to this court.

The defendant presents two propositions: First, the court erred in instructing the jury to render a verdict; and second, the court erred in receiving a verdict. The basis of those contentions is that the cause was before the district court on appeal from a justice court, which had no jurisdiction in an action involving an amount in excess of $200.

This action was upon a promissory note, the execution of which was not denied. The trial court was of the opinion that the defendant had totally failed to make a defense thereto. The record justifies that conclusion.

The plaintiff's motion for a directed verdict was properly sustained.

"It is the duty of a trial court to direct a verdict for a party when the evidence is such that, if a verdict were returned by the jury for the other party, the court under the law would be required to set the same aside."

U. C. Guss v. Federal Trust Co., 19 Okla. 138, 91 P. 1045.

Sec, also, Cochran v. Davis, 118 Okla. 135, 247 P. 65.

The amount sued for or claimed is what determines the jurisdiction of the justice of the peace, and it is well settled that a justice of the peace cannot render a valid judgment for an amount beyond his jurisdiction. Under section 18, art. 7, of the Constitution, it is provided that the justice of the peace "* * * shall have jurisdiction, concurrent with the county court in civil cases where the amount involved does not exceed $200, exclusive of interest and costs. * * *" That provision of the Constitution was by its terms subject to change by law, and it was changed by the adoption of the Revised Laws of 1910. The statutes involved are sections 896, 897, and 1005, C. O. S. 1921. Section 896 provides, in part, as follows:

"Under the limitations and restrictions, herein provided, justices of the peace shall have original jurisdiction of civil actions for the recovery of money only, and to try and determine the same where the amount claimed does not exceed $200. * * *"

Section 897 provides as follows:

"When the balance claimed to be due on any open or unsettled account, or on any bill, note, or bond, shall not exceed $200, the party by whom such balance shall be claimed may commence his action therefor, before the justice of the peace, who shall have power, and he is hereby authorized, to hear and determine the matters in controversy, without regard to the amount of the original account or contract, and he may render judgment for any balance found due, not exceeding $200."

In Bud Hoard Co. v. F. Berg & Co., 137 Okla. 16, 278 P. 273, relied on by the defendant, this court considered a claim for interest antedating the suit. The bill of particulars herein stated the amount due and the amount sued for as $200. No mention was made of interest in the body thereof. The only reference to interest was in the prayer and that was as follows, "with interest." There was no prayer for interest antedating the suit. The judgment of the justice court did not include interest antedating the suit. We think that, under the allegations and prayer of the bill of particulars, the justice court had jurisdiction of the subject-matter of the action, and that the judgment of that court was within its jurisdiction and valid.

On appeal to the district court the cause stood for trial de novo. Since the justice of the peace had jurisdiction of the subject-matter, the district court acquired jurisdiction of the subject-matter through the perfecting of the appeal thereto by the defendant. The district court rendered judgment for $200, with interest at six per cent. per annum from the date of the maturity of the note. That judgment was excessive, but it was not void.

Under the provisions of section 1005, supra, when the amount due to either party exceeds the sum for which the justice of the peace is authorized to enter a judgment in favor of the party, that party may remit the excess and judgment may be rendered for the residue. The defendant in error herein has offered to remit the interest on the $200 up to the date of the judgment of the district court. Since the judgment of the district court is excessive, it must be reversed, but since the plaintiff has offered to remit the excessive portion thereof, the rights of the defendant will be fully protected by directing a judgment in accordance herewith.

The judgment of the district court of Pottawatomie county is reversed, and the cause is remanded to that court, with directions to vacate the judgment appealed from and to enter a judgment in favor of the plaintiff and against the defendant in the sum of $200, with interest thereon at the rate of six per cent. per annum from the 17th day of October, 1928, together with the costs of this action to that date. The judgment having been reversed upon the appeal of the defendant, the remainder of the costs, including the costs of this court, are ordered to be taxed to the plaintiff.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.

Note.—See under (1) 16 R. C. L. 357.