## SMITH v. MORRIS et al.

No. 25319. Oct. 8, 1935.

Bryan Phillips, for plaintiff in error.

Morris & Wilhite, for defendants in error.

PER CURIAM. This action was commenced in the justice court of W. L. Townsend, justice of the peace in and for Anadarko, Caddo county, Okla., by the defendants in error, A. J. Morris and Sam L. Wilhite, law copartners, doing business as Morris & Wilhite, filing two separate actions in said justice court against plaintiff in error, W. L. Smith.

In the first suit in the justice court, the defendants in error sought judgment on a promissory note for the sum of $107.08, together with interest from November 10, 1932, at the rate of 10 per cent. per annum until paid, attorneys' fee in the sum of $10.71, and costs. In the second suit the defendants in error sought judgment in the sum of $106.11, with interest from October 3, 1932, at the rate of 10 per cent. per annum until paid, $10.61 attorneys' fees, and costs of the action.

To the bill of particulars filed in each case, the plaintiff in error filed separate answers and cross-petitions, the contents of which for the purposes of this appeal are unnecessary to detail.

In each action pending in the justice court, judgment was rendered for the defendants in error. Plaintiff in error appealed each of said cases to the district court of Caddo county, where they became cases numbered 9368 and 9402, respectively.

The trial court, at the specific instance and request of the plaintiff in error, and reluctantly agreed to by defendants in error, consolidated the two cases for purposes of trial, and, upon verdict of the jury, rendered a single judgment in favor of defendants in error for $200, with interest, at the rate of 10 per cent. per annum, from February 24, 1932, this latter judgment being rendered on February 28, 1933. Plaintiff in error, in due time, filed a motion for new trial, which was overruled, saved his exceptions, and gave notice in open court of his intention to appeal to this court. Thereafter, and within the same term that the judgment was rendered, defendants in error filed a motion in which they set forth that the judgment theretofore rendered was in excess of $200 by reason of the interest being allowed from February 24, 1932, to February 28, 1933; that the same was voidable, and asked that said judgment be vacated and set aside, and that a new judgment in lieu thereof be rendered in favor of the defendants in error for $200, with interest thereon at the rate of 10 per cent. per annum from February 28, 1933, until paid, together with costs of the action, defendants in error expressly remitting in the motion all sums in excess of $200. After due notice to counsel, and after a hearing, the trial court, on April 17, 1933, vacated and set aside the judgment theretofore rendered on February 28, 1933, and in lieu of the judgment so vacated rendered a new judgment in favor of defendants in error, in the sum of $200, with interest thereon at the rate of 10 per cent. per annum from February 28, 1933, until paid, together with costs. To the action of the trial court in sustaining the motion of defendants in error, and in vacating the judgment, and in rendering a new judgment, plaintiff in error was granted an exception.

Thereafter, on the 14th day of December. 1933, plaintiff in error filed a motion in which he sought to have the judgment rendered on April 17, 1933, vacated and set aside, and an execution issued in connection therewith recalled, on the ground and for the reason that the judgment rendered on February 28, 1933, was in excess of the trial court's jurisdiction and void; and that the second judgment rendered on April 17, 1933, being based upon a void judgment was also void. This motion was denied by the trial court, to which action plaintiff in error excepted and perfected his appeal to this court.

It is to the action of the trial court in refusing to vacate the judgment rendered on April 17, 1933, and to recall an execution issued in connection therewith, that the plaintiff in error now complains, contending that the judgment rendered on February 28, 1933, was void for want of jurisdiction, in that the amount thereof exceeded the limits placed by statute in the justice court, and that the district court, on appeal, acquired no greater jurisdiction than that conferred by statute on the justice court; that the subsequent judgment of April 17, 1933, is likewise void, in that it was based upon the void judgment of February 28, 1933, and that the only recourse left for the defendants in error was to "bring their actions anew, and start all over again." With this contention we cannot agree.

Conceding, without deciding, that where the parties agree to the consolidation of causes on appeal from justice courts, the district court cannot render a single judgment in consolidated causes, in excess of the amount conferred by statute on the justice court, we hold that the original judgment entered by the trial court on February 28, 1933, was not void, but was at most voidable only, and the trial court had jurisdiction, on an offer of remittitur of the interest up to the date of judgment, by the defendants in error, to grant and render a new and correct judgment. This is the ruling in Phillips v. Musson, 151 Okla. 155, 2 P. (2d) 1032. In the latter case the district court, on appeal, rendered a judgment in excess of $200. An appeal was taken from the judgment, and while the appeal was pending in this court the plaintiff offered to remit the excess portion thereof. This court ordered the case reversed, with instruction to the trial court to vacate the judgment and enter a new judgment in favor of the plaintiff in the sum of $200, with interest from October 17, 1928, so as to bring the new judg-

ment within the jurisdictional amount of justice of the peace courts. This court, speaking through Justice Andrews, in the body of the opinion in the last-mentioned case, held:

"The district court rendered judgment for $200, with interest at 6 per cent. per annum from the date of the maturity of the note. That judgment was excessive, but it was not void. Under the provisions of section 1005, supra, when the amount due to either party exceeds the sum for which the justice of the peace is authorized to enter a judgment in favor of the party, that party may remit the excess, and judgment may be rendered for the residue. The defendant in error herein has offered to remit the interest on the $200 up to the date of the judgment of the district court. Since the judgment of the district court is excessive, it must be reversed, but, since the plaintiff has offered to remit the excessive portion thereof, the rights of the defendants will be fully protected by directing a judgment in accordance herewith.

"The judgment of the district court of Pottawatomie county is reversed, and the cause is remanded to that court, with directions to vacate the judgment appealed from, and to enter a judgment in favor of the plaintiff and against the defendant in the sum of $200, with interest thereon at the rate of 6 per cent. per annum from the 17th day of October, 1928, together with the costs of this action to that date."

Counsel for plaintiff in error relies upon the case of Gaddis v. Williams, 81 Okla. 289, 198 P 483, wherein the district court, on appeal from the justice court, and over the objections and exception of the defendant, consolidated two actions for purposes of trial and rendered a single judgment in excess of the jurisdictional amount conferred upon the justice court. While in the fourth paragraph of the syllabus this court stated that such judgment was void, still, in the opinion proper, it merely held that the action of the district court in consolidating the two cases on appeal, over the objection of the defendant, and rendering a single judgment in excess of the amount conferred upon justice courts, was reversible error, and ordered the case reversed and sent back for a new trial. In the body of the opinion nothing is said as to whether the judgment is void or voidable.

It follows that the judgment of the trial court in denying plaintiff in error's motion to vacate judgment of April 17, 1933, and to recall the execution issued in connection therewith, should be, and the same is hereby affirmed, with costs of this appeal taxed against plaintiff in error.

The Supreme Court acknowledges the aid of Attorneys E. J. Doerner, W. J. Donohue, and James B. Diggs in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Doerner and approved by Mr. Donohue and Mr. Diggs, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted, as modified.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and CORN, JJ., concur.