STATE OF MISSOURI EX REL. WITTE HARDWARE COMPANY, A CORPORATION, RELATOR, v. HON. ROBERT W. McELHINNEY, JUDGE OF DIVISION NUMBER FOUR OF THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS, MISSOURI, RESPONDENT.—100 S. W. (2d) 36.

St. Louis Court of Appeals. Opinion filed January 5, 1937.

*Jones, Hocker, Gladney & Jones* and *Lon Hocker, Jr.*, for relator.

*Philip A. Foley* and *John J. McAtee* for respondent.

BENNICK, C.—This is an original proceeding in mandamus wherein relator, Witte Hardware Company, the plaintiff in an action pending before respondent, Hon. ROBERT W. MCELHINNEY, Judge of Division No. 4 of the Circuit Court of St. Louis County, seeks to have respondent ordered and directed by this court to enter final judgment in relator's favor in said action in conformity with the terms and directions of a peremptory instruction which, at the trial of the case, the court gave to the jury at the close of all the evidence, but which the jury refused to follow.

The action is one upon a promissory note for the principal sum of $400, executed August 5, 1935, and due September 5, 1935, the prayer of the petition in such action being for a judgment for plaintiff for the principal amount of the note, with interest from the due date thereof at the rate of six per cent. per annum, and for ten per cent. attorneys' fees as provided by the terms of the note.

In due course the cause came on for trial, and at the close of the defendant's case plaintiff requested, and the court gave and read to the jury, the following peremptory instruction:

"At the close of the defendant's case the court instructs the jury

862

that they must find in favor of the plaintiff and against the defendant in the amount of $440.00 and interest since September 5, 1935.''

It will be observed that by this instruction the court declared as a matter of law that plaintiff was entitled to recover from defendant according to the tenor of the note as to both principal and attorneys' fees, but left it to the jury to compute the amount of interest accruing from and after the due date.

Following the giving of such instruction the jury retired, and after a consideration of their verdict returned into court and informed the court of their refusal to bring in the verdict required of them by the instuction. Thereupon, over the objection and exception of plaintiff, the court declared a mistrial of the case, and caused and directed the following entry to be made, as appears on the records of the court:

''Jury trial resumed and at the close of defendant's case the court gives instruction directing verdict for plaintiff; jury retires for deliberation, upon the court being advised that the jury disagrees with the instructions & declines to follow same a mistrial is declared by the court and cause contd; instructions filed.''

Thereafter, but during the same term, plaintiff filed its motion in which, after reciting the fact of the giving of the peremptory instruction, the refusal of the jury to follow the same, and the subsequent ordering of the mistrial, it asked the court to enter up judgment in its favor, and against the defendant, in the sum of $470.80 as of the day on which the trial of the case was concluded. Incidentally, the figures of $470.80 represents the amount of the verdict which the jury had been directed to bring in, but with the interest computed and added to the principal sum due.

Plaintiff's motion was overruled by the court, whereupon it applied to this court for the issuance of our alternative writ of mandamus to require and compel respondent to enter up judgment for plaintiff, and against defendant, as theretofore prayed in its motion. Upon the filing of the petition setting out the facts and circumstances attending the proceedings below as heretofore stated, our alternative writ was ordered to issue but with the issuance thereof waived by respondent; and to relator's petition standing as and for the writ respondent has filed his motion to quash, based upon the ground that the facts appearing in the petition are insufficient to entitle relator to the relief prayed for therein.

A situation where the jury refuses to follow a peremptory direction of the judge is in the very nature of things a most unusual one, and yet it occasionally happens, invariably leaving both court and counsel perplexed as to the proper course to be pursued.

The jury, in the exercise of its true function, determines the contested or disputed issues of fact in the case, free, according to our local

practice, from judicial persuasion or interference, being bound only in discharging its duty to follow the law of the case ·as declared to the jury by the judge in the exercise of his own special function. Both judge and jury are consequently component parts of that intangible thing or entity called the court, and neither, according to our local practice, may invade or trespass upon the special field and province of the other.

It is only when the judge undertakes to take a case from the jury by reason of the insufficiency of the evidence either to have made a submissible case for the plaintiff or else to have shown a valid defense to the plaintiff's cause of action in that limited character of cases where a verdict may be directed for the plaintiff that the respective functions of both judge and jury are sometimes not understood or appreciated.

When the judge sustains either party's request for a peremptory instruction in such party's favor, while it is true that he thereby passes upon the question of the sufficiency of the evidence, he does not weigh the evidence, but instead rules solely as a matter of law that no other verdict is legitimately permissible under the evidence adduced except the verdict he directs. In other words, the direction to the jury to return a certain verdict is not a decision by the judge upon contested or disputed issues of fact for if such issues were contested or disputed he could not determine the same except in a jury-waived case, but instead his decision is rendered purely and simply upon a question of law, and as such falls clearly and indisputably within the special and exclusive province of the judge.

But while the judge acts within his accepted province in directing a verdict, the jury in such an instance departs from its usual function, since in returning a verdict in response to such a direction the jury does not exercise any measure of discretion, but acts only formally, perfunctorily, and ministerially as the instrument by which the court prepares the orderly record which will support the only judgment that can lawfully be rendered in the case. Under such circumstances, though the act of returning a directed verdict purports to be that of the jury, it is in legal effect the act of the court itself, and the function of the jury in returning a directed verdict is as much ministerial as is the act of the clerk of the court in subsequently entering up the judgment based thereon.

It must follow, therefore, that with the judge passing upon a question of law in directing a verdict, and with the jury bound to follow the law as declared to them by the judge, a refractory jury, refusing to obey the judge's directions, is not to be permitted to defeat the exercise by the judge of a power and function which he and he alone possesses by assuming and arrogating to itself the power which ·it does not and could not possess of reviewing and over-

ruling the decision of the judge on the law of the case. To so permit would be to invest the jury with an authority and function which is solely innate and inherent in the judge, and to make the jury and not the law supreme.

So in this instance, when respondent gave the jury a peremptory direction for the return of a verdict in plaintiff's favor the jury was left with no recourse but to follow his direction, and in refusing to do so it was in direct contempt of the court, and might have been summarily dealt with if respondent had elected to take such action.

But though respondent might unquestionably have compelled the jury's obedience to his direction by holding it otherwise in contempt, he was not in all events restricted to that course, but, adhering to his belief that plaintiff was entitled to a verdict and judgment, he was not only empowered, but indeed duty bound, to see that such result was obtained regardless of the recalcitrant attitude of the jury. By this we mean that so long as respondent ruled that plaintiff was entitled to a verdict and judgment upon the record, plaintiff was possessed of a valuable right of which it was not to be deprived by any arbitrary and unlawful action of the jury; and under such circumstances, and to meet the exigencies of the situation, it was the power and duty of the court, both to preserve its own dignity and to secure plaintiff's valuable right, to discharge the jury and cause judgment to be entered up in plaintiff's favor without the formality of a directed verdict. [Connecticut Fire Insurance Company of Hartford, Conn. v. Coppedge, 150 Okla. 193, 1 Pac. (2d) 350; Ribas v. Valdes, 9 Porto Rico Fed. 13; In re Sharon's Estate, 179 Cal. 447, 177 Pac. 283; Reay v. Reay, 97 Cal. App. 264, 275 Pac. 533; Cahill v. Chicago, M. & St. P. Ry. Co. (C. C. A.), 74 Fed. 285.]

But it is suggested that when respondent was faced with the refusal of the jury to follow his direction, he was left with a discretion as to whether the mere declaring of a mistrial did not suffice. The fallacy of this is that it takes no account of plaintiff's valuable right of which plaintiff was not to be deprived so long as respondent adhered to his view that plaintiff, as a matter of law, was entitled to a verdict and judgment on the record. Concededly respondent might have changed his mind about the propriety of the peremptory instruction and might have withdrawn the same from the jury, but he did not change his mind, and the instruction in question is still in the files as given, and the mistrial was declared, not because respondent changed his mind about the propriety of the instruction, but simply because the jury had refused to follow his direction. Under such circumstances the full and proper exercise of respondent's jurisdiction required that he bring the case to a conclusion by causing a final judgment to be entered from which defendant might

appeal if aggrieved, unless, when presented with defendant's motion for a new trial, respondent might conclude that the defense interposed had actually been one for the jury, in which event he might grant defendant a new trial from which order plaintiff might appeal. [Connecticut Fire Insurance Company of Hartford, Conn. v. Coppedge, *supra.*]

The peremptory instruction had left it to the jury to compute the interest, but, the nature of the case considered, the court itself is authorized to make such mere arithmetical computation. [Home Trust Co. v. Josephson (Mo. Sup.), 95 S. W. (2d) 1148.] Judgment should therefore be entered as upon a directed verdict for plaintiff, the date of judgment marking the conclusion of the trial under the facts of this case, from which date the time within which defendant may move for a new trial shall begin to run. [Stripe v. Meffert, 287 Mo. 366, 229 S. W. 762; Young v. Sangster, 322 Mo. 802, 16 S. W. (2d) 92.]

It follows that our alternative writ of mandamus heretofore issued should be made peremptory as to the directions contained in this opinion. The Commissioner so recommends.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The alternative writ of mandamus heretofore issued is, accordingly, made peremptory in accordance with the recommendations of the Commissioner. *Hostetter, P. J., Becker* and *McCullen, JJ.*, concur.