Oscar OLSEN, Appellant,

v.

BERNIE'S, Inc., a Corporation, Respondent.

No. 44904.

Supreme Court of Missouri.

Division No. 1.

Nov. 12, 1956.

Motion for Rehearing or to Transfer to Court en Banc Denied Dec. 10, 1956.

**4**

Marcy K. Brown, Jr., Kansas City, for appellant.

Roger T. Hurwitz, Kansas City, for respondent.

WESTHUES, Judge.

Plaintiff Oscar Olsen was employed by the defendant, Bernie's, Inc., a corporation, from November 24, 1951, to May 7, 1952, on which day he was discharged. On June 13, 1952, he filed suit against the defendant in three counts (1, 2, and 4 of the petition). In count three of the petition, plaintiff asked damages for slander against Willmark Service System, Inc. The trial court directed a verdict in favor of this defendant from which no appeal was taken. Count three, therefore, will not be further noticed. In the first count against Bernie's,

Inc., plaintiff prayed for judgment for $50 per week from May 1, 1952, to the date of the disposition of the case. See Section 290.110 RSMo 1949, V.A.M.S. In count two of the petition, plaintiff asked $10,000 actual and $10,000 punitive damages for slander claiming that Bernard Hoffman, president of the defendant company, had stated to a third person that plaintiff had stolen merchandise out of defendant's store. Count four, based on Section 290.140 RSMo 1949, V.A.M.S., alleged that the defendant corporation had failed and refused to give plaintiff a service letter as required by the statute. In this count, plaintiff asked $5,000 actual and $5,000 punitive damages.

A jury trial resulted in a verdict for plaintiff on the first count of plaintiff's petition and a verdict in favor of the defendant on counts two and four. Plaintiff filed a motion for new trial as to counts two and four, and the defendant filed such a motion as to count one.

The trial court sustained the defendant's motion as to count one and overruled plaintiff's motion for new trial as to counts two and four. From the judgment entered, plaintiff appealed.

■ The defendant, respondent in this court, has not filed a brief as contemplated by Rules 1.08(c) and 1.09, 42 V.A.M.S. Rule 1.09 says in part, " * * * the respondent shall deliver two copies of his brief to the appellant at least fifteen days before the last named date, [meaning the day on which the cause is set for hearing] * * *." Failure of a respondent to file a brief is an imposition on this court. We do not have a rule as to what is to be done in such cases. It seldoms occurs that a respondent does not file a brief which very likely is the reason our rules are silent on the subject. We shall, therefore, proceed to determine the case on its merits.

In support of count one of his petition, plaintiff testified that he was not paid for the last week that he worked for the defendant; that he had been receiving a salary of $50 per week. It was admitted that plaintiff made a request, in writing, for his wages and that this suit was filed within 60 days after plaintiff was discharged. The defendant introduced evidence to the effect that plaintiff, during his employment, had taken a bad check for the sum of $31.80 for which plaintiff was liable under the rules of the store; that plaintiff owed $24.-34 for merchandise he had taken from the store and therefore defendant was not indebted to plaintiff on the day he was discharged. The verdict returned by the jury read as follows: "We, the jury find the issues in the first count in favor of the plaintiff and he is entitled to damages as prescribed by law." The trial court, without having the jury return to the jury room, authorized the foreman to add the following to the verdict: "to wit, the sum of $6,066.-67." In sustaining defendant's motion for new trial, the court made the following statement: "The court finds that the verdict as returned by the jury was improper, assessed no damages and made no calculation as to the amount of interest. The court further finds that the court refused to accept the verdict as written and without requiring the jury to return to the jury room to make its own findings, instructed them to add to their verdict while in open court a definite sum and calculation of $6,-066.67 and that the verdict was so amended by the foreman, that this action of the trial court constituted a verdict of the judge and not of the jury and was, in effect, coercion of the jury. The court further finds that the aforesaid action of the court constituted error and that the acceptance by the court of the verdict so amended as the verdict of the jury was error."

■ Plaintiff contends that the action of the trial court in instructing the jury to fix the damages at $6,066.67 was proper. He claims that if the jury found for plaintiff, it only required a mathematical computation to determine the amount. Plaintiff cited cases to sustain his contention. They are: Wilson v. Buchanan County, 318 Mo. 64, 298 S.W. 842, loc. cit. 848; Home Trust

Co. v. Josephson, 339 Mo. 170, 95 S.W.2d 1148, loc. cit. 1155, 1156, 105 A.L.R. 1063; McMonigal v. North Kansas City Development Co., 233 Mo.App. 1040, 129 S.W.2d 75, loc. cit. 84; Turley v. National Ammonia Co., Mo.App., 299 S.W. 53, loc. cit. 54, 55; State ex rel. Witte Hardware Co. v. McElhinney, 231 Mo.App. 860, 100 S.W. 2d 36, loc. cit. 39; Keyes v. Chicago, B. & Q. R. Co., 326 Mo. 236, 31 S.W.2d 50, loc. cit. 53–60; McIlvain v. Kavorinos, Mo. App., 212 S.W.2d 85, loc. cit. 89. The principle of law applied in the cited cases was stated in the Home Trust Co. case, supra, 95 S.W.2d loc. cit. 1156, where this court en banc quoted the following from 64 C.J. 1069, Sec. 875: "'Where the amount due is not in issue, a verdict generally in favor of either party is sufficient, without assessing damages, even under a statute requiring the jury to assess the amount of recovery, such a provision not applying where the amount is not in issue.'" See, also, 89 C.J.S., Trial, § 497. We have no fault to find with that rule. We have here a broader question. The trial court was of the opinion that its action amounted to coercion of the jury; that the verdict was that of the judge and not that of the jury. In such a situation, we are not authorized to disturb the order granting a new trial. The trial court could better judge the question than an appellate court. That was a matter within the sound discretion of the trial court. 66 C.J.S., New Trial, § 201(4), p. 495.

■ Plaintiff complains of instruction "I" given at defendant's request. Under Points and Authorities, he says that "The instruction was ambiguous and misleading, inconsistent and contradictory." Four cases were cited. Further, "It is in conflict with instruction 'C' given for plaintiff and should have incorporated a qualifying clause referring to Instruction 'C' in the event the jury refused to find on Count One the facts contained in Instruction 'C', which the jury did." Two cases were cited.

The only instruction "C" contained in the record was given at defendant's request and not plaintiff's. In the argument, plaintiff referred to instruction 5, given at his request. Instruction 5 dealt with count four of plaintiff's petition wherein he asked damages for failure of the defendant to give plaintiff a service letter. Instruction I, complained of, reads as follows: "The Court instructs the jury that if you find and believe from the evidence that the plaintiff, Oscar Olson, was discharged by the defendant Bernie's, Inc., and that the defendant thereafter issued to Mr. Olson a letter reciting the reason for his discharge; if so, and if you further find that the reason for discharging Mr. Olson was truthfully recited in said letter, if so, then you are instructed to find the issues on Count IV in favor of defendant, Bernie's, Inc., and against the plaintiff, Mr. Olson." That instruction was a converse of plaintiff's instruction 5 as can be noted from the following paragraphs of instruction 5:

"5. That on June 5, 1952, Bernie's, Inc. by Bernard Hoffman, President, issued a letter to plaintiff stating the nature and character of plaintiff's services and the time of his employment and discharge and stating 'you were discharged because it was the opinion of the management that you were not in proper physical condition to wait on and serve the customers of the store'; and

"6. That the reason given in such letter for such discharge was false and untrue and did not truly state the cause of plaintiff's discharge; and

"7. That plaintiff has been damaged, if so; then you are instructed that your verdict must be in favor of plaintiff and against defendant on Count IV of plaintiff's petition."

Plaintiff's instruction authorized a verdict in his favor if the reason given for his discharge was false. The defendant's instruction was the exact converse. We see no conflict. The jury found the issue

against plaintiff and there is no basis for complaint.

In plaintiff's last assignment of error, he says:

"D. The court erred in giving instruction 'D' at the request of the plaintiff.

"1. It is in conflict with instruction 5 given for plaintiff.

"2. It is contrary to requirements of Section 290.140.

"3. It is in conflict with Instruction 'C' given for plaintiff and should have incorporated a qualifying clause referring to Instruction 'C' in event the jury refused to find on Count Two the fact contained in Instruction 'C', which the jury did.

"See authorities cited under C."

We surmise, in the above assignment, plaintiff attempted to point out errors of the trial court in submitting count two of the petition to the jury. In this count, plaintiff sought damages for slander. The record shows instruction "D" was given for the defendant and we take for granted that plaintiff did not request it even if he says so in the brief. The same is true of instruction "C." That was a defendant's instruction and not given for plaintiff. The plaintiff says "D" conflicted with instruction 5. However, by instruction 5, plaintiff submitted his case to the jury on count four and instruction "C" was an instruction given for the defendant on count one.

We have tried to extract from plaintiff's argument the point intended to be presented for review. We are not too certain that we have been successful in our attempt. In the first paragraph of the argument on this assignment of error, plaintiff states, "Instruction 'D' given for defendant permits the jury to find for defendant on Count Two, the slander count, if the slanderous words shown in the evidence were true and states this would be a complete defense to an action for slander. This is the converse of instruction Two given for plaintiff, but as it stands it is erroneous because of the giving of Instruction 'C' on Count One for the defendant to the effect that if there were no unpaid wages due plaintiff, then you must find for defendant on Count One." A part of paragraph two of this assignment is to the effect that "The slanderous words are so bound up with the testimony concerning the amount owed by plaintiff, according to defendant, of $24.34, that the instruction as it stands is erroneous without including 'and unless you further find' referring to Instruction 'C'. The instruction therefore was ambiguous and misleading, it was also inconsistent and contradictory."

Plaintiff's claim on the slander count (count two) was submitted to the jury on the issue of whether the accusation of theft was true or false. The jury found for the defendant which meant that the jury believed the statements made were true. As we understand plaintiff's point, it is that since the jury found for plaintiff on count one which meant that the defendant owed plaintiff wages that this was a finding that defendant's accusation was false; that otherwise defendant did not owe plaintiff for wages. That does not necessarily follow. The jury may have believed that plaintiff owed the defendant $24.34 for merchandise taken but that he should not be charged for the amount of the bad check taken from a customer. If that be so, then defendant did owe plaintiff at least a part of the wages claimed. We have not been able to find any error as assigned in the brief and rule the point against plaintiff.

It follows that the action of the trial court granting a new trial as to count one and denying a new trial on counts two and four should be and is hereby affirmed.

All concur.