## MUNSON v. FIRST NAT. BANK OF OKMULGEE.

No. 7186.   Opinion Filed July 25, 1916.

(159 Pac. 486.)

1. **SUFFICIENCY OF EVIDENCE.** Record examined and **held,** that the verdict is supported by the evidence.

2. **PLEADING—Demurrer—Waiver of Error.** Where the trial court, upon overruling a demurrer to the petition of the plaintiff, grants the defendant time to file an answer and he does so within the time granted, he thereby waives any error the court may have committed in overruling his demurrer.

3. **STATES—Territorial Courts—Transfer of Jurisdiction on Admission of State.** The county courts of the State of Oklahoma must be deemed to be the successors of the probate courts of the Territory of Oklahoma.

4. **GARNISHMENT—Undertaking by Defendant—Effect.** Where an undertaking is executed by the defendant pursuant to the provisions of section 4838, Rev. Laws 1910, by virtue of which a garnishment proceeding against him is discontinued, he is thereby estopped from questioning the regularity of the garnishment proceeding.

5. **STATES—County Court—Jurisdiction.** A creditor is entitled to proceed by garnishment in the county courts of the state, under section 4822, Rev. Laws 1910, said section being applicable by virtue of section 1563, Stat. Okla. 1893, which was extended over and put in force in the state by section 2, art. 25, of the Schedule to the Constitution.

6.   **INSTRUCTIONS NOT ERRONEOUS.** Record examined, and
     **held,** that no reversible error was committed by the trial court
     in the instructions given or in refusing to give certain instructions
     requested.

(Syllabus by the Court.)

*Error from County Court, Okmulgee County;*
*Mark L. Bozarth, Judge.*

Action by the First National Bank of Okmulgee
against W. A. Munson, Jr. Judgment for plaintiff, and
defendant brings error. Affirmed.

*D. P. Farrell,* for plaintiff in error.

*Joe S. Eaton* and *L. L. Cowley,* for defendant in error.

KANE, C. J. This was an action on a promissory
note, commenced by the defendant in error, plaintiff
below, against plaintiff in error, defendant below. The
petition was in the usual statutory form. The answer
was a general denial, and an allegation to the effect that
there was fraud in the procurement of the note, and a
counterclaim, wherein the defendant prayed affirmative
relief against the plaintiff. Upon trial to the jury there
was verdict in favor of the plaintiff, upon which judg-
ment was entered, to reverse which this proceeding in
error was commenced.

As there was sufficient evidence to support the verdict
of the jury, no questions directly pertaining to the merits
of the case are subject to review. The first ground of
reversal is that the trial court erred in overruling the
defendant's demurrer to the plaintiff's petition. The
record shows that upon overruling the demurrer, the court
allowed the defendant 20 days within which to file an
answer, and that in pursuance of said order the defendant
filed his answer and counterclaim as above stated. By
this action the defendant waived any error the trial court

may have committed in overruling the demurrer. *Campbell et al. v. Thornburgh et al.,* 57 Okla. 231, 154 Pac. 574.

At the commencement of this action the plaintiff filed his affidavit in garnishment, pursuant to which a summons was issued against the Bank of Commerce of Okmulgee, garnishee, which answered that the defendant had certain moneys on deposit therein.

The next assignment of error is to the effect that the county court, the court in which the action was commenced, has no jurisdiction in garnishment proceedings. This contention is based upon the theory that, inasmuch as section 4822, Rev. Laws 1910, the section upon which the plaintiff relies for authority to proceed by garnishment in the county court, provides, "any creditor shall be entitled to proceed by garnishment in the district court of the proper county," etc., this branch of the case must fail, because the section does not purport to grant authority to proceed by garnishment in the county court, but in the district court of the proper county. This contention is untenable. The county courts of the state must be deemed to be the successors of the probate courts of the territory. Section 19, Enabling Act. Section 23, art. 25, of the Schedule provides that:

"When this Constitution shall go into effect, the books, records, papers, and proceedings of the probate court in each county, and all causes and matters of administration and guardianship, and other matters pending therein, shall be transferred to the county court of such county. * * *"

There never has been, in this jurisdiction, a separate code of procedure for the probate courts prior to statehood, nor for the county courts subsequent to statehood. Section 1563, Statutes of Oklahoma 1893, which was in

force at the time of the adoption of the Constitution, provides:

"In all cases commenced in said probate courts wherein the sum exceeds the jurisdiction of justices of the peace the pleadings and practice and proceedings in said court both before and after judgment shall be governed by the chapter on civil procedure of the territory governing pleading and practice and proceedings in the district court. * * *"

This provision was extended over and put in force in the state by section 2, art. 25, of the Schedule, which provides:

"All laws in force in the Territory of Oklahoma at the time of the admission of the state into the Union, which are not repugnant to this Constitution, and which are not locally inapplicable, shall be extended to and remain in force in the State of Oklahoma until they expire by their own limitation or are altered or repealed by law."

In discussing a somewhat similar question, in *Lindley v. Hill, ante,* p. 71, 158 Pac. 356, this court said:

"It is true that in this, as well as many other instances, the laws in force in the territory prior to statehood were not always precisely applicable to the situations created by the adoption of the Constitution; but where no greater repugnancy between them is apparent than the change in the name or style of a court having a particular jurisdiction, the courts have had very little difficulty in accommodating in a practical manner the old law to such slightly changed conditions."

In the next assignment of error counsel for plaintiff in error attacks the sufficiency of the garnishment affidavit. The record shows that on the 27th day of October, 1913, the plaintiff in error filed an undertaking for the discharge of the garnishee, as provided by section 4838, Rev. Laws 1910; that pursuant thereto, on the same day, there was

made and entered an order in said cause releasing the money garnished. In *St. L. Cordage Mills v. Western Supply Co.*, 54 Okla. 757, 154 Pac. 646, it was held:

"That the execution, filing, and approval of a bond in compliance with these statutes estops the defendant from questioning the regularity of the garnishment proceedings, and renders the obligors on the bond absolutely liable for the amount of any judgment the plaintiff may recover in the action, without regard to whether the garnishment proceedings were regular or not."

As the balance of the assignments of error relate to exceptions to instructions given or refused by the trial court, which do not constitute reversible error, unless it appears that they probably resulted in a miscarriage of justice (section 6005, Rev. Laws 1910), it is sufficient to say of them collectively that we have examined the instructions given as a whole, and are of the opinion that they fairly and fully cover all the points of law upon which it was necessary for the trial court to advise the jury by instructions. On the whole record, we are satisfied that the cause was fairly and impartially tried, and that substantial justice has been done between the parties by the judgment rendered.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.