## SIMMONS v. CHESTNUT-GIBBONS GROCERY CO.

No. 8768—Opinion Filed May 7, 1918.

Rehearing Denied June 4, 1918.

(173 Pac. 217.)

### 1. Estoppel—Operation—Who May Claim.

Estoppels operate only between parties and privies, and the party who pleads an estoppel must be one who has, in good faith, been misled to his injury.

### 2. Judgment—Estoppel as Against One Not Party.

S., a retail merchant, exchanged his stock of goods and good will in business to E. for lands. E. took possession of the store, ad continued the business, and while doing so purchased a bill of goods from C., a wholesale house, on credit. S. afterwards sued E. to rescind the exchange of property on the grounds of fraud, and a judgment of rescission was entered in that action and S. placed in possession of the stock of goods, or the part of it remaining unsold. In the judgment of rescission it was recited that as between S. and E. any sums due wholesale houses for goods purchased should be charged to S., and by him paid. C. sued S. for the account due him by E., and recovered judgment on the theory that S. had accepted the benefit of the judgment rendered in the action of S. against E., and was therefore estopped to deny liability for its account against E., as provided in that judgment. Held, error that C. was a stranger to the judgment rendered in the action of S. against E., and was not bound thereby, and that S. was not estopped by that judgment to deny liability for E.'s debt.

**3. Pleading—Exception to Order Overruling Demurrer.**

An exception to an order overruling a demurrer to the petition on the ground that facts sufficient to state a cause of action are not alleged is not waived by filing an answer in the cause.

**4. Appeal and Error—Ruling on Demurrer to Petition—Answer—Review.**

A party who seeks to have the ruling of the district court on a demurrer to the petition reviewed in this court must elect to stand on the demurrer and at once bring the case to this court; or an answer may be filed, and when the case is tried, if it is tried on the original petition, and then brought here by the party demurring, the ruling on the demurrer will be passed on here.

(Syllabus by Galbraith, C.)

Error from Superior Court, Muskogee County; H. C. Thurmon, Judge.

Action by the Chestnut-Gibbons Grocery Company against J. M. Simmons. Judgment for plaintiff, and defendant brings error. Reversed.

Dan M. Meredith, for plaintiff in error.

Irwin Donovan, for defendant in error.

Opinion by GALBRAITH, C. This is an action upon petition in error and transcript from the judgment of the trial court rendered upon an account for goods, wares, and merchandise alleged to have been sold and delivered by the Chestnut-Gibbons Grocery Company to one Edwards, and for which the plaintiff in error became obligated to pay, as was found by reason of a judgment rendered in the district court of Okmulgee county in an action between the plaintiff in error and Edwards, the purchaser of the goods.

It is alleged in the petition that the plaintiff in error, prior to June, 1911, was engaged in the grocery business at the town of Morris in Okmulgee county; that on the said 11th day of June he traded his stock of goods to one Edwards for lands located in the state of Kansas, and Edwards took charge of the store at Morris, and that while he was conducting the store the defendant in error sold him the bill of goods involved in this action; that afterwards the plaintiff in error sued Edwards for rescission of the contract of exchange in the district court of Okmulgee county on the ground that he had been induced to make the same through fraud and deceit, and that by the judgment of said district court the exchange between Simmons and Edwards was rescinded and the property at Morris restored to Simmons, who took charge of the same, and by the

judgment entered in said cause Simmons was charged with and required to pay the amount in suit; that no appeal was taken from the decree rendered in said cause, and the same has become final and is in full force and effect; "and that defendant, J. M. Simmons, the plaintiff in said action, has accepted the benefits thereof, promising and agreeing to pay the said debt of C. F. Edwards to this plaintiff"—setting out a certified copy of the judgment and decree rendered by the district court of Okmulgee county in that action. The part of the decree relied upon to fix the liability on Simmons for the debt in the instant case reads as follows:

"That as between plaintiff and defendant on unpaid amounts due wholesale houses for merchandise bought by the defendant while in charge of the business be charged to plaintiff, and paid by him to said houses"

—and further alleging that the amount of the account for goods sold to Edwards, and for which Simmons was liable, amounted to $105.46, with interest from the 4th day of August, 1911, and that said amount was due and unpaid, and praying for judgment for the amount thereof.

To this petition Simmons interposed a demurrer on the ground that it did not state facts sufficient to constitute a cause of action against him and in favor of the grocery company. This demurrer was, by the court, overruled, and exceptions saved and Simmons allowed 20 days to answer, within which time Simmons answered, denying liability on various grounds, principally on the ground that the grocery company was not a party to the judgment rendered in the district court of Okmulgee county, and was not bound thereby, and that that judgment did not operate to relieve Edwards from liability of the grocery company's account and transfer such liability to Simmons, and that he was not estopped thereby from denying liability on such account. A jury was waived and the case tried to the court upon an agreed statement of facts, and judgment rendered against Simmons and in favor of the grocery company in the amount of the account and interest.

Simmons appeals and argues two assignments of error: One that the court erred in overruling his demurrer to the petition, on the ground that the same did not state a cause of action; and, second, that the evidence was not sufficient to support the judgment. The defendant in error in answer to these assignments contends that by taking time to answer and answering the amended petition, the plaintiff in error waived any error the court may have committed in over-

ruling his demurrer, and, second, that the cause having been tried upon an agreed statement of facts, and these facts not having been preserved by a bill of exceptions or a case-made, are not a part of the record, since this appeal is upon a transcript, and that therefore the sufficiency of the evidence to support the judgment cannot be considered. Wherefore there is nothing presented by the record for this court to review.

In support of the first proposition the case of Munson v. First National Bank of Okmulgee, 58 Okla. 284, 159 Pac. 486, is cited. This case apparently sustains this position, but we think it is by inadvertence that the contention finds support therein, inasmuch as the only case cited in support of the rule announced is Campbell v. Thornburgh et al., 57 Okla. 231, 154 Pac. 574, which announced the correct rule of practice where a demurrer is sustained and the pleader amends, as we understand it, in the first paragraph of the syllabus, as follows:

"Where a demurrer to a pleading is sustained and the party whose pleading is attacked elects to amend, the error, if any, in the ruling on the demurrer, is waived, and cannot be assigned as error."

A different rule applies where the demurrer is overruled. The Campbell Case, supra, follows the case of Berry v. Barton et al., 12 Okla. 221, 71 Pac. 1074, 66 L. R. A. 513, In the Barton Case the court announces the rule as follows:

"In order to take advantage of the ruling on a demurrer when it is sustained the party must stand upon his pleading held to be defective, and not amended."

And in explanation of the rule the court says:

"Courts everywhere insist upon such rules of practice and conduct of parties litigant as will promote justice and such as will not encourage or countenance deception. The attorney is supposed to know the law of his case equally as well as the court, and inasmuch as the statute, with the permission of the court, allows a party at his own election to amend or stand on his pleading, it is only fair that he should make his election and then be bound by it; and if he elect to amend, he cannot afterward, simply because his own views of the law may have changed, or further investigation convinced him that his former position was correct, urge error in a ruling which he has accepted as the law. When he elects to amend be abandons, not necessarily his view of the law as urged against the demurrer, but that particular pleading, and it is just the same as though it had never been filed, and a party who expressly abandons a pleading cannot at his own election, without permission of the court, urge it as an existing pleading in the case."

This interpretation of the practice follows the rule announced by the superior court of Kansas in Union Pacific Ry. Co. v Estes, 37 Kan. 229, 15 Pac. 157, where the court said:

"A party who seeks to have the ruling of the district court on a demurrer to the petition reviewed in this court must elect to stand on the demurrer, and at once bring the case to this court; or an answer may be filed, and when the case is finally tried, if it is tried on the original petition, and then brought to this court by party demurring, the ruling on the demurrer will be passed on here. If, after an adverse ruling on a demurrer to the petition, the defendant files an answer, he cannot be permitted to file a petition in error in this court to reverse the adverse ruling; he must await the result of the final trial. When a demurrer to the petition has been overruled and the defendant answers, and the plaintiff then is permitted by the court to amend the petition, and to this amended petition the defendant answers, and after a trial is had on the amended pleadings the defendant brings the case here for review, this court will not consider the sufficiency of the original petition. Moore v. Wade, 8 Kan. 380; Briggs v. Tye, 16 Kan. 285; Rosa v. M., K. & T. Ry. Co, 18 Kan, 124; Gilchrist v Schmidling, 12 Kan. 263."

Another reason for the statement that the rule announced in the Munson Case, supra, was an inadvertence is found in the statute (section 4742, Rev. Laws 1910), which expressly declares that the filing of an answer does not waive the objections that the petition does not state facts sufficient to constitute a cause of action. Again the rule announced in the Munson Case is in direct conflict with the holding of the court in Antene v. Jensen et al., 47 Okla. 352, 148 Pac. 727. In this case an answer has been filed, and afterwards, without withdrawing the answer, a demurrer was filed and sustained. Upon appeal this court said:

"The answer having been filed, and not withdrawn at the time the demurrer was filed, we shall not consider any questions presented by the demurrer other than those that challenged the jurisdiction of the court, and that the petition does not state a cause of action, as the filing of the answer would constitute a waiver of any other objections to the petition than those. Bank v. Maddox. 4 Okla. 583, 46 Pac. 563; Ryndack v. Seawell, 13 Okla. 737, 76 Pac. 170. The objection to the jurisdiction of the court, and that the petition does not state a cause of action, may be presented at any time, and therefore would not be waived by the filing of an answer. Section 4742, Rev. Laws 1910."

We are therefore constrained to hold that the exception to the court's ruling on the demurrer to the petition was not waived by filing an answer under the circumstances disclosed in this record, and that this exception is presented for consideration upon this appeal.

It is alleged in the petition, and the trial court in rendering judgment evidently found, that the liability of the plaintiff in error for the payment of the account sued upon arose upon an estoppel by reason of the judgment rendered by the district court of Okmulgee county in the action of Simmons against Edwards. This was clearly erroneous for the reason that the defendant in error was not a party to that action, and was not bound by that judgment, and there was no mutuality or privity between it and the plaintiff in error so far as that judgment is concerned.

It appears from the allegation of the petition, as well as the recital of the judgment and particularly that part of it relied upon to charge the plaintiff in error with liability for the account in suit, that such recital was intended for the parties to that action, and was intended to be limited to them alone in the determination and adjustment of their respective rights. It is not alleged in the petition that Simmons received the goods sold to Edwards, or derived any benefit therefrom, or that the defendant in error was misled to its injury by Simmons accepting the benefits of that judgment, and therefore the condition upon which an estoppel would arise is not shown.

"An estoppel must be mutual and reciprocal; that is, it must bind both parties, and generally, therefore, it can operate neither in favor of nor against strangers." 10 R. C. L. § 145.

The defendant in error was a stranger to the Okmulgee court judgment. This court has announced the essential elements of an estoppel, none of which are alleged in the petition in the instant case, in Williams v. Purcell, 45 Okla. 489, 145 Pac. 1151, in the third paragraph of the syllabus, as follows:

"Estoppels operate only between parties and privies, and the party who pleads an estoppel must be one who has, in good faith, been misled to his injury."

It therefore appears from the facts set out in the petition that the essential elements of an estoppel were not alleged therein and for that reason sufficient facts to state a cause of action establishing an obligation upon the plaintiff in error to pay this account were not pleaded, and therefore the petition did not state a cause of action, and

the demurrer thereto should have been sustained. Inasmuch as the conclusion announced upon the consideration of the first assignment disposes of the case, it is not necessary to consider the other assignment urged herein.

The judgment appealed from should be reversed, and the cause remanded to the trial court, with directions to vacate the judgment appealed from, and to sustain the demurrer to the petition, and for such further proceedings as may be proper, not inconsistent with the foregoing opinion.

By the Court: It is so ordered.