## BRIGGS v. WRIGHT.

Nos. 21506, 21507. Opinion Filed June 24, 1933.

Lytle & Reynolds, for plaintiff in error.

R. K. Robertson and Lucien B. Wright, for defendant in error.

BUSBY, J. By virtue of an order of this court prior to this date, cause No. 21506 and cause No. 21507 have been consolidated, and only one brief has been filed herein by plaintiff in error and one by defendant in error. For convenience the parties herein will be referred to as they were in the court below.

On August 27, 1928, plaintiff, in court below, Lucien B. Wright, filed two separate actions in the justice court in Sapulpa, Creek county, against the defendant, in the court below, J. S. Briggs. He sought judgment for $200 in each case. The cases were docketed as separate causes, separate processes were issued, separate trials were had, and separate judgments obtained in each case for the amounts sued for. The defendant Briggs then appealed from the justice court from each judgment to the district court of Creek county. On November 21, 1929, both of said causes came on for trial in the district court in said county before Hon. Fred A. Speakman, trial judge. Prior to the taking of evidence on the merits of the case, the defendant, Briggs, moved to dismiss both actions, claiming that they showed on their face the splitting of a single cause of action, and that there was no original jurisdiction in the justice court from which to lodge an appeal. Thereupon,

evidence at length was introduced on this motion only, at the conclusion of which the trial judge overruled a motion to dismiss said cause for want of jurisdiction. A jury was then waived in No. 21506 (as numbered in this court) and the case proceeded to trial before the district judge. The evidence in that case showed, in substance: That the defendant, Briggs, received from plaintiff, Wright, the following amounts on the dates indicated: February 20, 1928, $50 paid to Briggs by check; February 23, 1928, $50. paid to Briggs by check; and April 9, 1928, cash paid to Briggs $100.

Plaintiff, Wright, contended that these amounts were loans, and that there was a separate and distinct agreement in connection with each of these payments to help defendant in his filling station business. The defendant. Briggs. contended the amounts were paid to him in connection with a partnership business venture wherein an oil well was drilled. The evidence on the part of the defendant is very hazy as to his partnership contention. At the conclusion of the trial, the trial judge held in favor of the plaintiff, Wright, and we think rightfully so after a review of the evidence. Judgment was then rendered in the district court of Creek county against the defendant, Briggs, in the sum of $200 and costs. From this judgment, an appeal was perfected to this court.

On the same day, and before the same trial judge, cause No. 21507 came on for hearing. The defendant, Briggs, again moved to dismiss this cause on the ground that the court had no jurisdiction on appeal from the justice court. The same argument was advanced as in the other case, to wit, that plaintiff was in reality suing defendant for $400, but that he had split his cause of action in order to be able to file both suits in the justice court. Thereupon, defendant, Briggs, placed the plaintiff, Wright, on the witness stand for the purpose of questioning original jurisdiction of the justice court. Wright then testified, in substance, that in the Fall of 1927 one Dr. Brimacombe, of Sapulpa, was the owner of valuable deposits of silicate or volcanic ash, and was desirous of developing the same commercially; that plaintiff, Wright, Brimacombe, defendant, Briggs, and others made trips visiting said deposits, and had conferences relative to exploiting and marketing said products; that it was finally agreed that plaintiff, Wright, defendant, Briggs, and one Charlie Hengst and one J. A. Fulp would each advance $200 to pay the expense of Dr. Brimacombe "back East" to ascertain if the development of said deposits would be feasible and profitable. That

if it appeared from Dr. Brimacombe's activities that said venture would be profitable the five would then form a company and exploit same. That when Dr. Brimacombe got ready to leave on his trip East, each of the parties paid him their $200, except defendant, Briggs, who was then short of money; that plaintiff, Wright, then agreed, in Briggs' presence and with his consent and in the presence of the others, that he would advance Briggs' share in the sum of $200 for him. This he did. After a 30-day trip "East," Brimacombe reported that the proposed business venture would be impracticable and unprofitable and the matter was dropped; that Wright then demanded a return of the $200 advanced for Briggs' payment, which was refused; that these transactions had nothing to do with the loans referred to in the other case. After the introduction of this evidence, the trial court overruled the defendant's motion to dismiss for want of jurisdiction, and the case proceeded to trial before a jury. After both plaintiff and defendant had introduced their evidence and rested, both sides moved for a directed verdict. Thereupon the following proceedings were had:

"The Court: Gentlemen of the jury, the court has sustained plaintiff's motion for a directed verdict in this case on the ground that the defendant does not deny the allegations of plaintiff's bill of particulars; and the court now hands you an instructed verdict for $200 from the date of the rendition of the judgment in the lower court, in favor of the plaintiff. If you concur with the judgment of the court, you may select some member as foreman and have him sign the verdict and return it to the court."

The jury returned a verdict for the plaintiff, and the defendant appeals.

The legal questions involved herein are:

1. Did the trial court err in holding that plaintiff had two separate causes of actions of $200 each, thereby giving the justice of the peace court original jurisdiction? We think not.

The undisputed evidence in both cases is that there was no connection whatever between the transactions involving the $200 sued on in one case and the $200 transaction sued on in the other case. In the first case, the trial court found that the plaintiff had loaned the defendant a total of $200 in three different sums on three different occasions. These loans had no connection with the facts sued on in the second case. The two matters were removed from each other in point of time, different facts and different contracts were involved as conclusively appears from the record and as

sworn to by all the witnesses and in fact by the defendant himself. There was abundant evidence to justify the trial court in finding that the $200 involved in the first case was three different loans to enable the defendant to operate his filling station. In the second case, the $200 involved the proposed promotion of a scheme to exploit a mining proposition which was never consummated. We believe that the trial court did not err in finding that the plaintiff did not split his cause of action in order that the justice court might have original jurisdiction in the two suits. The rule of law applicable to this case is clearly stated in 1 R. C. L., at page 344, in the following language.

"A plaintiff having separate demands against a defendant on contract, or arising from distinct trespasses or wrongs, is not required to combine them in one action, although in most cases he may do so at his election."

2. Did the trial court err in rendering a judgment for the plaintiff in the first case No. 21506? We think not.

The rule long established in this court is, that a judgment based upon conflicting testimony will not be disturbed where there is evidence reasonably tending to support it. There is abundant evidence to support this judgment.

3. Did the trial court err in instructing the jury to return a verdict for the plaintiff in case No. 21507? We think not.

The evidence on the part of Wright was sufficient to prove his cause of action, and there was no substantial evidence offered by the defendant upon any material issue in the case to refute plaintiff's contention. In fact, the undisputed evidence on the part of the plaintiff was of such conclusive character that the court in its sound judicial discretion would have been compelled to set aside a verdict in the event the jury had returned one for the defendant.

For the reasons stated herein, both judgments in consolidated cases, Nos. 21506 and 21507, are hereby affirmed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS, OSBORN, BAYLESS, and WELCH, JJ., concur. McNEILL, J., absent.