## OKLAHOMA AID ASSOCIATION v. PECINOSKY.

No. 20973. Jan. 23, 1934.

Rehearing Denied March 6, 1934.

McComb & McComb and Snyder, Owen & Lybrand, for plaintiff in error.

H. H. Edwards and Twyford & Smith, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Oklahoma county in favor of the defendant in error, who was the plaintiff therein, and against the plaintiff in error, who was the defendant therein.

Under the issues, the burden of proof was on the defendant. At the conclusion of the evidence offered by the defendant, the plaintiff demurred thereto and moved for a directed verdict, and, over the objection of the defendant, the trial court directed the jury to return a verdict in favor of the plaintiff. Judgment was rendered in conformity with the verdict, and the defendant appealed to this court.

The rule is well established in this state that it is error to direct a verdict against a party to an action where, admitting the truth of all the evidence given in his favor, together with such inferences and conclusions as may be reasonably drawn therefrom, there is enough competent evidence to reasonably sustain a verdict should the jury find for him. In view of the fact that the judgment in this case must be reversed and the cause submitted to a jury, we do not deem it advisable to discuss at length the evidence. It is sufficient to say that a question of fact was presented, to wit, whether or not the benefit certificates, which were the basis of the action, were fraudulently obtained. The record contains sufficient competent evidence to show that the trial court erred in directing the jury to return a verdict for the plaintiff.

We are unable to determine from the record the reason for the action of the trial court in directing the verdict. The plaintiff attempts to justify that action by three contentions.

The plaintiff contends that when the defendant made an assessment upon its members, after the death of the insured, and collected the same, it waived any defense it had to her claim. The authorities cited by her in support of that contention relate to assessments of members for the purpose of paying claims. The record in this case does not show an assessment for such purpose. The record in this case shows that liability was denied; that a compromise of the claim was agreed upon; that the defendant paid the plaintiff the sum of $300 by way of compromise of the claim, and that the assessment in question was for the purpose of reimbursing the fund for the amount so paid as a compromise. Under that state of facts, the authorities cited by the plaintiff are not controlling. Under the facts as shown by the record, the defendant did not recognize the validity of the claim of the plaintiff. The rule is properly stated in Niblack on Benefit Societies and Accident Insurance (2d Ed.) sec. 256, p. 482, as follows:

"The mere levy of an assessment by a

society upon its members to pay a death loss, unaccompanied by any act recognizing the validity of the contract of insurance, is not a waiver of a forfeiture which has been worked in such contract. * * *"

To the same effect is 45 Corpus Juris, sec. 132, p. 164, and the decision in Hughes v. Wisconsin Odd Fellows Mutual Life Ins. Co., 98 Wis. 292, 73 N. W. 1017.

We find and hold that the levy of an assessment by a fraternal insurance society on its members to pay an amount paid by way of a compromise of a claim under a beneficial certificate, unaccompanied by any act recognizing the validity of the certificate, is not a waiver of a right to contest a claim under such a certificate.

The contention of the plaintiff that the defendant is estopped to assert any defense to the claim of the plaintiff is not supported by the record. There is nothing in the record to show that any action on the part of the defendant caused the plaintiff to be misled, or to suffer any injury, or to alter her position. See 10 R. C. L., sec. 25, p. 697; Jackson v. Twin State Oil Co., 95 Okla. 96, 218 P. 324; Condit v. Condit, 66 Okla. 215, 168 P. 456, and Simmons v. Chestnut-Gibbons Grocery Co., 70 Okla. 161, 173 P. 217.

The plaintiff contends that the knowledge of A. W. Pecinosky relative to the condition of the insured, at the time of the application for the issuance of the certificates, was the knowledge of the defendant. She bases that contention on the fact that at that time Pecinosky was the agent of the defendant. The record shows that Pecinosky knew the condition of his wife at the time he made the application to the defendant to become its agent. The decisions relied on by the plaintiff are in no wise applicable to that state of facts. The rule stated in Knights & Ladies of Security v. Bell, 93 Okla. 272, 220 P. 594, is a correct rule, but that rule is limited to knowledge gained by the agent while acting within the scope of his authority. In no wise is it applicable to knowledge gained by the agent prior to the time he became an agent, where the knowledge motivated the application for the agency, and where the agent became the agent for the purpose of defrauding the principal. See 2 Corpus Juris, sec. 547, p. 867, and sec. 549, p. 868; First State Bank of Keota v. Bridges, 39 Okla. 355, 135 P. 378. Therein the correct rule is stated to be that:

"Notice to an agent is notice to his principal unless the circumstances are such as to raise a clear presumption that he will not, though in duty bound, transmit such notice to the latter, as where the agent is interested adversely to his principal or is engaged in a scheme to defraud the latter."

The judgment of the trial court is reversed and the cause is remanded to that court, with directions to grant a new trial and submit this cause to a jury in conformity with the rules herein stated.

RILEY, C. J., CULLISON, V. C. J., and BUSBY and BAYLESS, JJ., concur.