**BERRY et al. v. WRAY.**

No. 22207. May 7, 1935.

Rehearing Denied June 4, 1935.

W. R. Wheeler, for plaintiffs in error.

Morris & Wilhite, for defendant in error.

CORN, J. This action was begun in a justice of the peace court of Caddo county by Otto Wray, defendant in error, as plaintiff, against Tennyson Berry and Annie Berry, plaintiffs in error, as defendants, for the recovery of money alleged to be due on two promissory notes, the judgment prayed for in the first cause of action being $59.76, with interest thereon at 10 per cent. from April 1, 1930, $50 attorney's fees, and costs; and the judgment prayed for in the second cause of action being $138.50, with interest thereon at 10 per cent. from April 1, 1930, $50 attorney's fees, and costs.

Judgment was rendered by the justice of the peace in favor of the plaintiff for $192.87 and $12.55 costs. The defendants appealed to the district court, where the case was tried de novo and judgment rendered in favor of the plaintiff for $198.81, with interest at 10 per cent. per annum from date of judgment, and costs. From that judgment the defendants appealed to this court. The parties will be referred to as they appeared in the trial court.

The defendants present two propositions: First, that the amount claimed is beyond the jurisdiction of the justice of the peace; and second, that the judgment is not sustained by sufficient evidence.

The first proposition is based on the contention that the justice court, from which the case was appealed, was without jurisdiction for the reason that the aggregate amount claimed by the plaintiff exceeded the sum of $200, exclusive of costs, and that therefore the district court, on appeal from the justice of the peace, was without jurisdiction.

The plaintiff admits that the amount claimed in the action, as originally commenced, was in excess of the jurisdictional limit of the justice, but contends that when this question was raised in the justice court the plaintiff's attorney remitted the attorney's fees originally claimed; that thereby the amount claimed was brought within the jurisdictional limit and that under section 987, O. S. 1931, such remission could be made after suit was filed and the cause could proceed to judgment.

The judgments rendered in both trial courts were within the jurisdictional

limit as to amounts. The jurisdictional question divides itself into two parts: First, did the plaintiff remit the attorney's fee originally claimed and thereby bring the amount claimed within the jurisdictional limit of the justice; and, second, if so, did such action cure the jurisdictional defect so the justice could proceed with the action and render a valid judgment.

To determine this question it requires an examination of the record to ascertain whether the plaintiff waived the $50 attorney fee in each of said causes of action and thereby reduced the amounts prayed for, so as to give the justice of the peace jurisdiction.

We find in Phillips v. Musson, 151 Okla. 155, 2 P. (2d) 1032:

"Where the amount due, as shown by the bill of particulars, is in excess of $200, the excess may be waived and a judgment not exceeding $200 and costs may be rendered."

In addition to the contention of the plaintiff in his brief that when the case was called for trial before the justice of the peace his attorney waived the $50 attorney fee in each of said causes of action, and that the same was stricken from the bill of particulars, we find the justice of the peace, the trial judge, and also the defendants treated the matter as being stricken from the bill of particulars, and the bill of particulars being amended to that effect. We notice in the demurrer and also the answer of the defendants, which is incorporated in the record, that they referred to the amended bill of particulars.

The demurrer being in part, to wit:

"Comes now the defendants in the above entitled cause and hereby demurs to the plaintiff's amended bill of particulars. * * *"

And part of their answer being as follows:

"Comes now the defendants in the above-entitled cause for and in answer to plaintiff's amended bill of particulars alleges and says. * * *"

And another place in the answer states:

"The defendants do not say that they are not owing plaintiff some money more or less, but that they do not owe the sum asked for in the plaintiff's amended bill of particulars."

In addition to this, as disclosed by the record, the judgment before the justice of the peace being in amount less than $200, and also the judgment of the district court being for the amount asked for in each cause of action, less the $50 attorney fee, we are of the opinion that the record in this

particular case is sufficient to show that the plaintiff herein did waive the amount in excess of the jurisdiction of the justice of the peace, and, therefore, that the justice of the peace and trial judge had jurisdiction to render the judgment rendered therein.

The other contention of the defendants, that they had certain credits coming by virtue of the sale of an automobile to the plaintiff, was a matter passed upon by the trial court, and it found against said defendants; therefore, this court will not disturb the verdict of the trial court if it has any evidence reasonably tending to support its verdict. The judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and GIBSON, JJ., concur.