## HOLCOMBE v. MAJOR COUNTY et al.

No. 22645.   Sept. 17, 1935.

Tom E. Willis and A. O. Manning, for plaintiff in error.

J. Howard Lindley, County Atty., for defendants in error.

PHELPS, J.   Late at night Mrs. Henrietta Lewis was shot in the stomach with a pistol. A doctor was immediately summoned. He examined her and determined that an immediate operation was necessary to save her life. He was told by her husband that no funds were available with which to pay the medical bill. Thereupon the doctor telephoned one of the county commissioners, at about 1 o'clock in the morning, and inquired whether the county would pay the bill. Here the evidence becomes conflicting, the doctor testifying that the commissioner said the county would take care of the bill, and the commissioner testifying that he said he would "O. K. the bill * * * under those circumstances, that I understand they have no prop-

erty and could not pay for it, * * * not knowing at the time I made this agreement that Mr. Lewis owned any property, and I thought at the time they were absolute paupers, such as we have been taking care of for the past year or 18 months."

The doctor then removed the woman to his hospital, where X-ray photographs were taken, and it was discovered that the particular operation would be better performed at another hospital, owned by the plaintiff below, who is plaintiff in error here. When she was taken to the plaintiff's hospital, plaintiff was told by the doctor who had first called upon the woman that the county would pay the bill.

When the abdomen was opened in the plaintiff's hospital it was discovered that the bullet had pierced a large tumor, which therefore had to be removed. The woman developed pneumonia, and her coughing ruptured the wound, necessitating another operation. She was eventually released from the hospital as a recovered patient.

The doctor who had called the county commissioner filed a claim with the board of county commissioners for his services and was paid. The doctor who owned the hospital filed with them a claim for $439, covering his fees, bill for nurses, medical supplies, dressings, and hospital bill. This claim was rejected by the county commissioners, and the claimant appealed to the district court, where the cause was heard de novo, resulting in a judgment denying the plaintiff's claim.

In appealing to this court plaintiff sets forth that under sections 8211 and 8212, C. O. S. 1921 (sections 7542 and 7543, O. S. 1931), it was the mandatory duty of the county commissioners, as overseers of the poor, to pay the obligation. Those sections constitute the county commissioners overseers of the poor and place upon them the duty of seeing that the poor "are properly relieved and taken care of in the manner provided by law." Plaintiff cites Board of County Commissioners of Garfield County v. Enid Springs Sanitarium & Hospital, 116 Okla. 249, 244 P. 426, wherein it was held that in case of emergency attendance of a pauper a physician may hold the county liable, although the physician acted without the consent of the overseers of the poor, and without the formal direction of the county commissioners legally sitting as a board, if the amount involved be within the appropriation for that purpose. It will be seen that there is nothing in this opinion contrary to the doctrine laid down in that case. The instant appeal is decided purely on questions of fact.

We have read the entire record and are unable to say that the trial court was without competent evidence to sustain the necessary findings of fact, or that it erred as a matter of law; and this is true regardless of whether we consider the issues determinable by the principles of statutory liability or contractual liability.

From the viewpoint of statutory liability it is at once apparent that the county commissioners, as overseers of the poor, are under no obligation to assume liability for the medical care of those persons who, though in hard circumstances, may be able to pay their own medical bills. The evidence reveals that the patient owned an automobile and her husband owned 280 acres of land, seven horses, three cattle, a tractor, farm machinery and a home. It is true that, except the automobile, this property was mortgaged; the evidence offered by the plaintiff, however, by which it was sought to show that the mortgages were in excess of the value of the property, was not of such convincing character as would authorize us to say that the trial court should have reached that conclusion. For all the record shows, the patient's husband was an able-bodied working man and they were indeed in much better financial circumstances than many who pay their own medical bills. On the appeal to the district court, that court had before it the same questions as were before the county commissioners, the issues, however, ripening into a strictly judicial proceeding. In re Bucher, 162 Okla. 168, 20 P. (2d) 150. It is evident that both the county commissioners and the district court concluded from the evidence that the patient and her husband were not such poor persons as must necessarily be cared for by the county. As triers of the facts their conclusions on this question are not to be disturbed by this court where there is any competent evidence reasonably tending to support them.

From the viewpoint of contractual liability, we are likewise unable to say that the lower court erred in its evident conclusion that the county commissioner gave his consent only if the people were without funds and without property. It is not for us to say that the lower court should have disregarded his testimony and accepted all of the plaintiff's testimony as entirely true. However, this phase of the case is not of importance, for it was held in Board of Commis-

sioners of Garfield County v. Enid Springs Sanitarium & Hospital, supra, that in an emergency case the consent of the commissioners is not necessary. It is considered because of the argument that there is both statutory and contractual liability.

Further, if we view this as an action on contract, instead of an action on the statutory liability, section 5977, O. S. 1931, is applicable. It requires that, before final judgment in any suit based on contract shall be rendered against a' county, proof shall be had of the existence, character, and amount of the outstanding legal indebtedness of said municipality, including an itemized statement of the various classifications thereof. Section 5978, O. S. 1931, provides that no judgment shall be rendered against any municipality by any court until the aforesaid provisions have been fully complied with, and that any judgment rendered in violation of those provisions shall be void and of no effect. This applies only to claims of $200 or more (section 5979, O. S. 1931). There was no attempt at compliance with those sections of our statutes.

There is no authority or principle of law under which we, as an appellate court, have any power to reverse the judgment. It is therefore affirmed.

McNEILL, C. J., and RILEY, BUSBY, and GIBSON, JJ., concur.