**OKLAHOMA AID ASSOCIATION v. PECINOSKY.**

No. 26534.   April 7, 1936.

Rehearing Denied Dec. 22, 1936.

500

Snyder, Owen & Lybrand, for plaintiff in error.

Twyford & Smith and William J. Crowe, for defendant in error.

BAYLESS, J. Oklahoma Aid Association, a corporation, plaintiff in error, was defendant in an action in the district court of Oklahoma county, Okla., in which Myrtle Pecinosky, defendant in error, was plaintiff. The parties will be referred to herein as they appeared in the trial court.

This is the third appeal in this litigation; the former appeals are styled as follows: Pecinosky v. Oklahoma Aid Association, 131 Okla. 240, 268 P. 309, and Oklahoma Aid Association v. Pecinosky, 167 Okla. 427, 30 P. (2d) 167.

Several contentions of law are made in the briefs of the parties, but in our opinion the judgment of the trial court upon the issue of fact upon which the case was ordered reversed and remanded for further trial in the last decision above cited is controlling. That issue is that the benefit certificates issued upon the life of Sarah E. Elrod were void ab initio, because she knowingly misrepresented material facts relating to her health and age, and that the defendant would not have issued such certificates had it known of such misrepresentations. At the close of the trial the trial judge found that the defendant had not sustained the burden of proof in respect to these two defenses, which was admitted to be upon the defendant, so judgment was for the plaintiff.

In the written application submitted by Sarah E. Elrod she answered the question of whether she had ever had cancer in the negative. The record discloses that in October, 1922, Sarah E. Elrod was operated upon for sarcoma and her right breast removed by what is termed a "radical operation." The application was executed about November 10, 1922. The personal physician of Mrs. Elrod is dead, and there is no evidence in the record as to what he ever told her concerning her condition. The surgeon who performed the operation upon her testified that he had no recollection of having told her for what she was being operated for or how serious her condition was. He stated that sometimes he told patients under such circumstances and other times he did not. Therefore the record does not contain evidence affirmatively showing that Sarah E. Elrod was advised of the nature of her disease or the seriousness of her condition following the operation. The testimony of the surgeon is that she did not have cancer, but was suffering from sarcoma, which he says nonmedical folks oftentimes term cancer. Still, there is no testimony to show that Sarah E. Elrod was told that she had sarcoma and that it was somewhat similar to cancer. The defendant argues that it is straining credulity to say that this woman did not know what was wrong with her or the seriousness of her condition. Such an argument might well appeal to a trial court, but we cannot follow it to the extent of reversing the judgment of the trial court in this instance. This was a jury question, and was passed upon by the trial court after the parties had specifically waived a jury. The trial judge was of the opinion from this evidence that the defendant had failed to sustain the burden which was upon the defendant. Under the following cases we cannot interfere with this judgment: Berry v. Wray, 172 Okla. 459, 45 P. (2d) 492; Briggs v. Wright, 162 Okla. 183, 18 P. (2d) 530, and Holcomb v. Major County, 173 Okla. 539, 49 P. (2d) 106.

The evidence relating to the statement of her age is as follows: She gave her age in these applications as 50, and if she had stated that she was more than 50 her application would not have been accepted. A written application by Sarah E. Elrod, to another insurance organization made several years previous was introduced, and by simple calculation her age would be determined as 52 at the time she applied to the defendant, instead of 50. The trial court admitted the testimony of the plaintiff, a daughter of Sarah E. Elrod, whose testimony tended to show that Sarah E.

Elrod was 50 and not 52. This testimony was introduced over the strenuous objection of the defendant. Casting aside this evidence, we agree with the trial court that the defendant failed to meet the burden that was upon it in this respect. The most that can be said is that the defendant has shown that Sarah E. Elrod made contradictory statements concerning her age. There is nothing that would lead the trial court or this court to assume that one was true and the other false. In order to have met the burden that was on the defendant, the defendant should have gone further and shown that the first written application was true, which then would have had the additional effect of showing that the application to it was false and so known to Sarah E. Elrod. Couch Cyc. Ins. Law, vol. 8, sec. 2247-A, note 9, pages 7342-43.

Judgment affirmed.

McNEILL, C. J., and PHELPS, CORN, and GIBSON, JJ., concur.

Supplemental Opinion on Rehearing

WELCH, J. We desire to emphasize the fact that in this case the defense was predicated upon certain statements and representations contained in the written application for insurance signed by the insured, which statements were alleged by the defendant association to be false and fraudulent statements, and by the said Sarah E. Elrod well known to be false and to amount to misrepresentation of material facts.

The record shows that upon trial it was stipulated and agreed between the parties:

"That the only issue of fact presented by the pleadings and to be determined in this case is as to whether the benefit certificates sued on by the plaintiff were procured by fraudulent and false statements of the life and health history of Sarah E. Elrod. It is agreed that the burden of proof is on defendant to sustain such defense. If it is found as a fact that such fraud existed and such defense is sustained, then as to plaintiff's cause of action, judgment will follow for defendant for $300 and costs upon its counterclaim; if judgment is against said defendant on said defense, then judgment must follow for plaintiff and against defendant for $1,702 with 6 per cent. interest per annum from August 5, 1923, to this date."

Upon that issue of fact the trial court found in favor of the plaintiff, and, as pointed out in the original opinion, we cannot affirmatively say that such finding is not supported by competent evidence.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur. RILEY and BUSBY, JJ., absent.