## LOWE & CAMPBELL ATHLETIC GOODS CO. v. NUNN.

No. 27947.   March 22, 1938.

Jno. W. Primrose, for plaintiff in error.

Harry B. Parris, for defendant in error.

HURST, J.   This is an action on an open account which was tried to the court, both parties waiving a jury. The controversy arises from the following facts:   Defendant was superintendent of Eufaula High School from 1925 to 1935, with the exception of the school year 1929-30. During this period, he purchased goods from plaintiff, placing the orders in the name of "E. S. Nunn" and "E. S. Nunn, Superintendent," and approving orders placed by his subordinates in the same manner. No appropriation of school district funds for the purchase of such goods ever existed. There existed, however, a "Students Activity Fund" which was derived from the proceeds of school plays and activities sponsored by the superintendent. Defendant claimed that it was the understanding of the parties hereto that the merchandise was to be paid for out of this fund, and that it was never understood between the parties nor agreed to by defendant that he (Nunn) would be personally liable for the purchases. The trial court held for the defendant, and plaintiff appeals. The sole question for determination is whether the defendant is personally liable for the account. Plaintiff argues this question under three propositions.

■   Plaintiff's first proposition is that the decision of the trial court is not sustained by sufficient evidence. The evidence discloses that at the time defendant became superintendent of the Eufaula schools, the extracurricular activities were paid for from a fund known as the "Activity" or "Athletic" fund, and after he became superintendent it was known as "Students Activity Fund." He had general charge of the fund and approved purchases against the same and approved checks issued thereon by the treasurer of the fund. The record discloses that during the ten years defendant was superintendent the plaintiff sold him athletic goods in the aggregate sum of $3,066.42, and there was paid thereon $1,809.20, leaving a balance due of $1,257.26, the amount sued for. All payments were made by checks on the "Students Activity Fund," and the defend-

ant testified that he personally paid nothing thereon. The defendant testified that he did not think anything was ever said to him, by the representative of the plaintiff, that he would be held personally responsible. The credit man of plaintiff testified that about 95 per cent. of the merchandise it sells to schools is sold to be paid for out of the school activity fund, and not by the person to whom they are charged. In this instance the account was charged against "Mr. E. S. Nunn, Supt. of Schools, Eufaula, Oklahoma." At the close of the evidence the court found:

"That said purchases were made with the mutual understanding by the parties hereto that the same were to be paid for out of funds derived from the various student activities of the Eufaula Highschool, of which the defendant was superintendent; that the plaintiff did not expect to hold the defendant personally liable for such purchases and that the defendant did not agree to become personally liable for such purchases."

After reading the record we cannot say that there is no evidence reasonably tending to support the findings and judgment of the trial court. It is well settled that in a law case tried before the court without the intervention of a jury, the judgment and findings of the court have the same force and effect as the verdict of a jury, and will not be disturbed by this court where there is any competent evidence reasonably tending to support the same. Oklahoma Aid Ass'n v. Pecinosky (1936) 178 Okla. 499, 63 P.2d 718.

It is true, as argued by the plaintiff, that the "Students Activity Fund" had no legal status and cannot be sued. Yet, under the finding of the court, this fact was known to the plaintiff, and it was willing to look to the fund alone for payment, and it agreed not to hold the defendant personally liable. Under such circumstances, the understanding of the parties will be given effect; the presumption that plaintiff intended to hold the superintendent as principal will not be indulged, and the defendant will not be held personally liable. 2 Am. Jur. 348; 2 C. J. 809; Restatement of the Law of Agency, sec. 326; Codding v. Munson (1897 Neb.) 72 N. W. 846.

■ Plaintiff's second contention is that the trial court erred as a matter of law in holding for the defendant, in view of section 5973, O. S. 1931, as amended by chapter 152, Sess. L. 1933.

This act reads in part as follows:

"* * * That whenever any superintendent, principal, coach, teacher, or any other employee of any state school, or any other state institution or department, shall make any purchase in the name of such school, institution or department, such school, institution or department shall in no case be responsible for the payment of any unauthorized purchase except in the manner provided for herein. When such unauthorized purchase is made, the person making the purchase and signing the order may be held personally liable for the payment of any such purchase, collection for which shall be made in the same manner as now porvided by law for the collection of personal debts. * * *"

Plaintiff does not urge that this law applies to the purchases made before its effective date, but maintains that it is applicable to two orders made thereafter.

It is to be noted, however, that this statute applies by its terms to cases where the superintendent makes any purchase "in the name of such school, institution or department." That is not the case here. The trial court found that the contract was to be paid solely from the proceeds of the student activity fund. Thus, defendant contracted in the name of an extracurricular fund and not in the name of the school. The finding of the trial court eliminates the theory that defendant contracted in the name of the school, or that he attempted to bind the school or its funds in any manner.

■ Plaintiff's third contention is that defendant is personally liable for the merchandise on the theory that an unincorporated association as such has no capacity to enter into contracts, and "the officers of an association who make a contract in its name, and associate members who assent to the contract so made, are personally bound thereby." 5 C. J. 1345.

We cannot agree that the students' activity fund is an "unincorporated association" within the meaning of the rule of law cited above. Nor was the account incurred in the name of the "Students Activity Fund." Furthermore, what we have said in the discussion of the first proposition is applicable here. It follows that the defendant was not personally liable on the theory advanced by plaintiff's third proposition.

Judgment affirmed.

BAYLESS, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur.