## TINGLEY v. ANDERSON.

No. 28613.   Oct. 4, 1938.

Rehearing Denied Oct. 25, 1938.

Bryan Phillips, for plaintiff in error.

Jeff H. Williams, for defendant in error.

BAYLESS, V. C. J.  Oatley Anderson instituted an action in replevin against Nell Tingley in a justice of the peace court of Grady county, and the cause was appealed to the district court of that county, and there tried, and from a judgment in favor of the plaintiff, the defendant prosecutes this appeal.

The first proposition concerns the jurisdiction of the justice of the peace court, in the first instance, and of the district court on appeal, and the regularity of the judgment of the district court. Although this is an action in replevin, the plaintiff filed a bill of particulars, but this pleading contained no allegation with reference to the value of the property. In the summons it was stated that the plaintiff was suing for the possession of an electrolux refrigerator, or its value, in the sum of $200 and attorney's fee of $20 and costs. By statute, the jurisdiction of the justice of the peace court in an action in replevin is fixed by the allegations of value set out in the affidavit for replevin. The affidavit for replevin alleged the value to be $200. Section 939, O. S. 1931, 39 Okla. Stats. Ann. sec. 428. Therefore, the recitations of the summons were immaterial in so far as determining the jurisdictional amount involved. The defendant asserts that the justice of the peace court rendered judgment for an amount in excess of the jurisdictional amount. An examination of the transcript does not support this assertion. The defendant, likewise, asserts that the judgment of the district court is irregular and void because the verdict of the jury

was for a sum in excess of the jurisdiction of a justice of the peace court, which jurisdictional sum is controlling in the trial de novo on appeal. It is true that the plaintiff's evidence fixed the value at $220, and the verdict of the jury, likewise, fixed the value at $220. This in itself did not render the verdict of the jury void, because by virtue of section 987, O. S. 1931, 39 Okla. Stats. Ann. sec. 224, it is provided:

"When the amount due to either party exceeds the sum for which the justice is authorized to enter judgment, such party may remit the excess, and judgment may be entered for the residue. * * *"

See the cases of Berry v. Wray, 172 Okla. 459, 45 P.2d 492, and Phillips v. Musson, 151 Okla. 155, 2 P.2d 1032.

When the district court came to render judgment upon the verdict of the jury, the plaintiff moved that such judgment be rendered for a sum within the jurisdiction of the justice of the peace court, and the trial court granted such motion and rendered judgment for $200 value. Under the authority of the cases above cited and other decisions of this court, this was entirely proper.

The second proposition relates to the alleged error committed in overruling the demurrer to plaintiff's evidence. It is contended that, since the plaintiff did not introduce in evidence the contract sued upon (and it is urged that it was not offered because the tax had not been paid thereon as provided by sections 9608 and 9612, C. O. S. 1921, 68 Okla. Stats. Ann. secs. 511 and 515), there was no evidence upon which to base judgment. We find enough evidence given by the plaintiff's witnesses relating to the purchase, the delivery, services performed thereon in an effort to cause the property to give satisfaction, of monthly payments made thereon, and of value to support the judgment. Much of this evidence might have been kept out by proper objection, but no objection was made to its admission, and it will be considered. No error was committed in overruling the demurrer.

Proposition No. 3, relating to the excessive amount sued for and the lack of authority on the part of the district court on appeal to correct the situation, has been disposed of by what we said with respect to proposition No. 1.

The judgment of the district court is affirmed.

Affirmed.

OSBORN, C. J., and WELCH, PHELPS, and HURST, JJ., concur.