NIEMAN & NORTHCUTT et al. v. MAINS.

No. 29150. Dec. 3, 1940.

*107 P. 2d 1022.*

George W. Miller, of Ponca City, and Thomas W. Smith, of Kaw City, for plaintiffs in error.

Bert Lawton, of Pawhuska, and A. J. Wildman, of Shidler, for defendant in error.

BAYLESS, C. J. Nieman & Northcutt Clinic, a copartnership, appeals from a judgment of the district court of Osage county, Okla., granting a writ of prohibition upon the application of Charley Mains. Nieman & Northcutt sued Mains in a justice of the peace court on August 27, 1937, and the case was set for trial on September 7th. Before the case was tried on that date, Mains applied orally to the justice for a continuance and the continuance was granted. The justice testified it was granted for 15 days, with the privilege of applying for an extension later, but no extension was sought. Mains testified the justice told him he would "set it up," and he supposed he would be notified when the case was called for trial. Judgment was rendered on September 22nd, by default. Mains learned later in the winter that judgment had been rendered, but did nothing. The judgment was transcripted to the district court, execution issued and returned unsatisfied, and garnishment proceedings instituted. Mains then instituted a proceeding for a writ of prohibition, from which this appeal arises. He made several allegations upon which he based his claim for relief, but we think they may be reduced to three and summarized thus: (1) The justice of the peace was without jurisdiction because the amount sued for and the amount for which judgment was rendered were in excess of the jurisdictional amount limited to justices; (2) that the note sued on shows on its face it is barred by the statute of limitations, thereby ousting the justice court of jurisdiction; and (3) the judgment was rendered on a date earlier than it should have been under the agreement for continuance,

resulting in deception and fraud of the petitioner. In the prayer of the petition, Mains prayed for a writ of prohibition, and further, that if he was not entitled to prohibition, he have such relief as he should show himself entitled to in equity. An alternative writ was issued and served, but no summons was issued. On the return date of the writ the matter was heard. Defendants filed a demurrer to the petition and presented it, but the trial judge expressed a desire to hear the evidence and deferred ruling on the demurrer until evidence was presented. Mains introduced evidence, including his testimony of what happened when he applied for the continuance in the justice court. Defendant then called the justice of the peace to give his testimony concerning what happened, including the granting of the continuance. At the conclusion of the offering of evidence, the trial judge announced judgment granting the writ of prohibition on the ground that the justice of the peace exceeded his jurisdiction. The journal entry of judgment contains the same finding, plus a general finding in favor of Mains.

The judgment granting the writ of prohibition cannot be sustained. Prohibition is the remedy where an inferior court assumes to exercise judicial power not granted by law or to make an unauthorized application of judicial force. Atchison, T. & S. F. R. Co. v. Love, 29 Okla. 738, 119 P. 207, and other Oklahoma cases cited in Am. Dig. (West) Prohibition, Key No. 1. A writ of prohibition will not lie to a private individual. 50 C. J. 659; 22 R.C.L. 15, sec. 12, note 1. The relief is not proper where there are adequate remedies at law or in equity. State v. Breckenridge, 43 Okla. 711, 142 P. 407, and other cases cited A. Dig. (West) Prohibition, Key No. 2. The ground that the amount involved is in excess of the jurisdiction of the justice of the peace court, when the exhibits are examined, cannot be sustained under Tingley v. Anderson, 183 Okla. 526, 83 P. 2d 552, and other cases. The other ground, that the note sued on shows on its face to be barred

by the statute of limitations, is not a jurisdictional issue but an affirmative defense to be raised in the action by demurrer or answer. Bayers v. Gamblin, 130 Okla. 82, 265 P. 650, and other cases.

The defendant has filed a motion to dismiss the appeal because no motion for new trial was filed. Appellants have responded to this by urging that although evidence was taken, the ruling of the trial court was upon the issues presented by the pleadings, or the record, and amounted in effect to the ruling upon a demurrer to the petition, and for these reasons no motion for new trial was necessary.

As pointed out above, the allegations with respect to lack of jurisdiction based upon the amount of the judgment sought and granted were insufficient to support a writ of prohibition, and since they appeared on the face of the record in the pleadings, proof thereon was not required. The proof that was introduced went to the equitable issue on the matter of rendering judgment in violation of the order of continuance, and as pointed out, this will not support a writ of prohibition. Therefore, we agree with appellants that the effect of the ruling of the court was to render judgment upon the pleadings and no motion for new trial was necessary. Schuber v. McDuffee, 67 Okla. 160, 169 P. 642, and many other cases.

Appellee calls our attention to the fact that in the prayer to the petition it is prayed that if prohibition is improper, that proper equitable relief be granted. In the brief we are cited Bohart v. Anderson, 26 Okla. 782, 110 P. 760, wherein it is held that if it is shown that a justice of the peace rendered judgment in a case prior to the time it should have been heard according to the terms of an agreement to continue, a district court may grant an injunction against the enforcement of the judgment. We are unwilling to apply that decision to the record before us. We think that on account of the summary nature of the prohibitive relief sought, and the narrow confines within which the evidence fell, and the lack of pleadings, issues, and evidence on a broad equitable scope, it might result in the denial of a full hearing upon the equitable issues if we should affirm the judgment granting the writ of prohibition on the theory it could be affirmed as an injunction.

Judgment reversed and cause remanded.

RILEY, OSBORN, GIBSON, and DAVISON, JJ., concur.