BOARD OF COUNTY COM'RS OF CREEK COUNTY v. OKLAHOMA TAX COMMISSION et al.

No. 30333. June 9, 1942.

*126 P. 2d 695.*

Everett S. Collins, County Atty., of Sapulpa, Albert C. Hunt, of Oklahoma City, and C. W. King, of Oklahoma City, for plaintiff in error.

F. M. Dudley, A. L. Herr, C. D. Stinchecum, and A. D. Howell, all of Oklahoma City, for defendants in error.

RILEY, J. Plaintiff in error, plaintiff below, has filed its petition in error with case-made attached and seeks review of an order sustaining an objection to the introduction of any evidence, based upon alleged insufficiency of the petition, and prays reversal of the judgment following said order.

The record presents the question of jurisdiction.

On January 20, 1940, the trial court sustained the objection to the introduction of evidence and entered judgment for defendant. Motion for new trial was filed the same day, but the motion was not passed upon until December 16, 1940. Petition in error was filed April 12, 1941, more than 14 months after the date of the judgment.

The defendant in error has briefed the question of jurisdiction, and plaintiff in error has made response to the issue.

It has been repeatedly held by this court that where a motion for new trial is not necessary, the filing of such motion does not operate to extend the time within which an appeal may be taken. Dunn v. Claunch, 15 Okla. 27, 78 P. 388; Peck v. First National Bank, 50 Okla. 252, 150 P. 1039; Schuber v. McDuffee, 67 Okla. 160, 169 P. 642; Nieman & Northcutt v. Mains, 188 Okla. 207, 107 P. 2d 1022.

In the latter case it is held:

"Where judgment is rendered on the pleadings, a motion for new trial is neither essential nor proper."

In Cowart v. Parker-Washington Co. et al., 40 Okla. 56, 136 P. 153, it is held:

"Where a motion for a new trial is unnecessary to present to this court for review an order or judgment appealed from, such motion and decision thereon by the trial court are ineffectual to extend the time within which to perfect an appeal."

And:

"A motion for new trial is unnecessary to enable this court to review the action of the trial court in sustaining an objection to the introduction of any evidence by a plaintiff upon the ground that his petition fails to state a cause of action."

In Crawford v. Shintaffer, 92 Okla. 22, 217 P. 867, it is held:

"A motion for new trial is unnecessary to enable this court to review the action of the trial court in sustaining an objection to the introduction of any evidence by plaintiff upon the ground that his petition fails to state a cause of action."

And:

"Where a motion for new trial is not necessary to present question for review, the time for giving such notice runs from the date of the rendition of the judgment, and not from the date of the order overruling motion for new trial."

See, also, Boyd v. Winte, 65 Okla. 141, 164 P. 781, and Clapper v. Putman Co., 70 Okla. 99, 158 P. 297.

Plaintiff in error makes no effort to show any rule to the contrary other than to cite Cook v. State, 35 Okla. 653, 130 P. 300, wherein it is held:

"Objections to the introduction of evidence, on the ground that the petition did not state a cause of action, cannot be reviewed on a transcript."

There the plaintiff in error was raising the question of insufficiency of the petition for the first time in this court. No objection was made in the trial court. While it was there held that objection to the introduction of evidence, on the ground that the petition did not state a cause of action, cannot be reviewed on a transcript, the cases above all clearly show adherence to the rule stated in Hogan v. Bailey, 27 Okla. 15, 110 P. 890.

The appeal was not perfected in time. Dismissed.

WELCH, C.J., CORN, V.C.J., and BAYLESS, GIBSON, and DAVISON, JJ., concur. OSBORN, HURST, and ARNOLD, JJ., absent.